## SUPREME COURT.

ALLEN AYRAULT agt. WILLIAM H. SACKETT, impleaded with ELISHA B. SACKETT.

Until the decision of a *referee* is signed by him, and the report filed or *delivered* for that purpose, he may change or modify it to any extent in conformity with his better judgment; and he may open the cause for a further hearing and receive evidence upon any question on which he may desire new or additional light.

Ayrault agt. Sackett.

But referees should be exceedingly careful not to expose themselves to applications for their decisions from either side, by advising them in respect to their conclusions in advance of the delivery of their report. Should the power of referees in such instances be abused, the court would apply a remedy after the report should be made, on the fact of such abuse being shown.

*Steuben Circuit,* 3*d Monday June,* 1858.

MOTION to compel referee to deliver to the defendant a report in his favor in accordance with his decision as announced to the defendant's attorney.

J. WOOD, JR., *for defendant.*
SCOTT LORD, *for plaintiff.*

JOHNSON, Justice. In *Cleaveland* agt. *Hunter* (1 *Wend.* 104), after the parties had submitted their cause and the referees had retired, they called the parties before them, and informed them that they were desirous to hear further testimony on a question on which they were in doubt, and proposed to adjourn to a future day for that purpose. The plaintiff's counsel objected, but the referees adjourned to another day, and gave the plaintiff's attorney notice that they would proceed on such adjourned day, and hear further proof. On motion on behalf of the plaintiff, to compel the referees to report without hearing further proof, the court denied the motion, holding that the referees had the right, after the cause was submitted, to open it and hear further evidence and to adjourn for that purpose.

In *Packer* agt. *French* (*Lalor's Sup.* 103), after the cause was summed up, and submitted, the referee intimated an opinion adverse to the plaintiff, as to one of the notes on which the action was brought. The plaintiff, thereupon, applied to the referee to open the case and hear further evidence on the subject. The referee, ascertaining that one of the defendant's witnesses had left, declined to open the case for further evidence, either at that time, or at any subsequent time, on the sole ground that he had no power to do so. The court, on motion, held that the referee had power, and as he had placed

his decision on that ground alone, let the plaintiff in on terms to give further evidence.

In *Dagaid* agt. *Ogilvie* (1 *Abbott*, 145), after the cause had been submitted several days, the referee, on his own motion, opened the cause, and gave notice to the parties that he should allow the plaintiff to give further evidence as to the consideration of the note. The defendant's counsel objected, and the common pleas of New-York held that the referee had the right to open the cause, and hear further evidence under such circumstances.

The decisions reported go, I think, to this extent, that the case is within the control of the referee until his decision is made, and the report is filed, or at least delivered to the successful party for that purpose. His decision is not made until his report is signed and delivered. At any time before this he may change, or modify it to any extent, in conformity with his better judgment. And as long as he has control of the cause I do not see why he may not open it for a further hearing, and receive evidence upon any question on which he may desire new or additional light.

The only objection to such a practice is, its liability to abuse in the hands of easy or facile referees, after parties have ascertained at what particular point the stress of the case lies, in the mind of the referee. There is no reason to apprehend any abuse in this instance, but referees, on the score of propriety, should be exceedingly careful not to expose themselves to such applications from either side, by advising them in respect to their conclusions in advance of the delivery of their report. Should the power be abused, the court would apply a remedy, after the report should be made, on the fact of such abuse being shown. In this case the referee certainly had not decided the cause. He had, however, come to a conclusion in his own mind, which he had expressed to the defendant's counsel, and which he had committed to paper in the form of an opinion. But this opinion was not binding upon him. He might have altered it, and formed and written a different one

the next day, had his judgment so dictated, and neither party could have prevented it.

The referee having the power to open the cause for further evidence, the court will presume that he has exercised it prudently and discreetly, until the contrary is shown in a regular proceeding to set aside the report or judgment.

Motion denied, with $10 costs of opposing.