James Cain *vs.* A. D. Libby.

December 2, 1884.

**Municipal Court—Decision and Order Filed after Expiration of Term of Office.**—Where the judge of a municipal court, upon the expiration of his term of office, vacated and ceased to occupy the same, but thereafter reduced to writing and filed a decision and order for judgment in a case previously tried and submitted, *held*, that such decision and order were unauthorized, and a judgment entered thereon might be set aside on motion.

Appeal by defendant from an order of the municipal court of Minneapolis, refusing.to vacate a judgment.

*Rea, Kitchel & Shaw*, for appellant.

*F. Hooker*, for respondent.

Vanderburgh, J. This is an appeal from an order of the municipal court of Minneapolis, denying a motion to set aside a judgment against the defendant in that court. The case was tried before Hon. Grove B. Cooley, judge of that court, who failed to file a decision therein previous to the expiration of his term of office. The facts, as set forth in defendant's application, and as shown by the affidavit of his Honor, are "that said action was tried before him as judge, without a jury, on the 6th day of April, 1883; that he did not write his findings and decision of said case until subsequent to the expiration of his term as such judge and his vacation of said office,—that is, until after the 10th day of April, 1883; that he commenced writing out said decision prior to said 10th day of April, but did not complete and file the same until some time after that time." The decision was filed May 21st, and orders judgment for the plaintiff, which was accordingly entered. In the absence of any further explanatory evidence, it must be taken that the judge ceased to fill or occupy his office on the 10th day of April. The presumption from the language used is that he surrendered the office on that day, and, being out of office, he could do no further official act; hence the written decision and order subsequently made would be unauthorized and of no effect. It is not enough that he had arrived at a conclusion before his term

expired; it was necessary that his decision be reduced to writing and filed; until then it was subject to revision, and could not be considered as determining the case. *Kissam* v. *Hamilton*, 20 How. Pr. 369; *Ayrault* v. *Sackett*, 17 How. Pr. 461; *Putnam* v. *Crombie*, 34 Barb. 232.

In *Carli* v. *Rhener*, 27 Minn. 292, the judge filed his decision in writing the same hour but after his successor qualified, and in ignorance of the latter fact, and while he was still in possession of the office and performing its duties. He had not yet surrendered or vacated it. And he was held to be an officer *de facto*, and his acts valid. That case is clearly distinguishable from this, and the same remark applies to the case of *State* v. *Brown*, 12 Minn. 448, (538.) We think the motion to set aside the judgment was the proper remedy, and should be granted. *Grant* v. *Vandercook*, 57 Barb. 165, 175.

Order reversed, and cause remanded for new trial.