[18104. In Bank.— May 27, 1893.]

## R. C. BRODER ET AL., APPELLANTS, *v.* A. R. CONKLIN ET AL., RESPONDENTS.

APPEALABLE ORDER — CHANGE OF VENUE — DISQUALIFICATION OF JUDGE — REVIEW UPON APPEAL — PRESUMPTION. — An order transferring a cause from one county to another for disqualification of the judge is an appealable order, and can be reviewed only upon a direct appeal therefrom; and it will be presumed, upon a collateral appeal from an order made in the court to which the cause was transferred, that the judge who transferred the cause was disqualified, and that it was transferred to the nearest court in which the like objection did not exist.

POWER OF JUDGE AFTER EXPIRATION OF TERM — COMPLETION OF TRIAL. — Upon the expiration of the term of office of a judge his judicial power ceases, and it is not competent for him thereafter to do any act necessary to complete the trial of any cause which remains unfinished at the expiration of his term.

ID.— TRIAL, WHEN COMPLETED — FILING OF DECISION — CONCLUSIONS OF LAW.— The trial of an action is not completed until a decision has been given in writing and filed with the clerk which states the conclusions of law upon which the judgment is to rest.

ID. — FINDINGS — ORDER FOR INTERLOCUTORY JUDGMENT — INCOMPLETE TRIAL.— Where the trial judge filed his findings of fact and certain conclusions of law in an action tried before him, in which he found " that the plaintiffs herein are entitled to judgment," but qualified that conclusion by adding as a closing direction that " counsel will prepare an interlocutory judgment in favor of the plaintiffs, directing a reference to a commissioner to be appointed by the court to take an account between the parties," it sufficiently appears that at the time of the filing of such findings of fact and conclusions of law the trial of the action was not completed.

ID. — JUDGMENT SIGNED BUT NOT FILED BEFORE EXPIRATION OF TERM — SETTING
ASIDE VOID JUDGMENT. — The fact that the judgment was signed by the trial
judge before the expiration of his term of office did not render it effective as a
judgment, where it was not filed until after the expiration of his term of office,
and the entry of the judgment so filed is void, and should be set aside.

ID. — INSOLVENCY — FRAUD — ACTION FOR ACCOUNTING BY TRUSTEE — FINDING — IN-
COMPLETE ADJUDICATION — AUTHORITY OF CLERK. — In an action to declare the
defendant guilty of fraud in the matter of an insolvent's estate, and that he
holds certain property in trust for the benefit of the plaintiffs, and for an
accounting of the moneys received .by him under the trust, a finding by the
court "that the plaintiffs herein are entitled to judgment," but leaving the
principles of the accounting to be determined and other matters to be adjudi-
cated, is not a sufficient determination of the cause to authorize the entry of
judgment thereon by the clerk.

APPEAL from an order of the Superior Court of Mono County
setting aside a judgment.

The facts are stated in the opinion of the court.

*Richard S. Miner,* for Appellants.

*P. Reddy,* for Respondents.

HARRISON, J. — A trial of the issues herein was had in Inyo
County before Hon. J. F. Rooney, judge of the superior court
of Tuolumne County, who had been directed by the governor
to try the cause on account of the disqualification of the superior
judge of Inyo County, and on the 26th of September, 1890, the
judge filed his findings of fact and conclusions of law, in which
he found "that the plaintiffs herein are entitled to judgment,"
and added as a closing direction, "counsel will prepare an inter-
locutory judgment in favor of the plaintiffs, directing a refer-
ence to a commissioner to be appointed by the court to take an
account between the parties."

Between the hours of six and seven o'clock in the afternoon
of January 5, 1891, the clerk received through the mail a
document, signed by Judge Rooney, which purported to be a
formal judgment in the case, and which the clerk afterwards
entered in the judgment-book of Inyo County. Judge Rooney's
term of office expired on the first Monday of January, 1891, and
the newly elected judge of Inyo County had assumed his office
on the morning of that day. On the 9th of February, 1891,
the defendants Conklin gave notice to the plaintiffs that on the
ninth day of March, 1891, they would move the court " to strike
from the files, and to strike out and cancel and set aside " the

aforesaid judgment upon the grounds that the trial of the cause had not been completed, and that at the time the said document was filed the term of office of Judge Rooney had expired. The judge of Inyo County, deeming himself disqualified to act in the matter, the cause was thereafter transferred by him to Mono County for trial, and the above motion having been brought on for hearing in the superior court of Mono County, an order was made on the 13th of May, 1892, granting the aforesaid motion of the defendants. From this order the plaintiffs have appealed.

1. Upon this appeal the regularity of the proceedings in transferring the cause to Mono County cannot be considered. If any condition of facts could exist under which the transfer would be authorized, the action of the court in making the transfer will be upheld whenever collaterally attacked. Section 170 of the Code of Civil Procedure prohibits a judge from sitting or acting in any action in which he may be disqualified, except that he may transfer the action to some other court; and section 398 of the same code provides that, if an action is "pending" in a court, and the judge thereof is disqualified from acting, it must be transferred to the nearest court where the like objection does not exist. We may assume upon this appeal, not only that the judge of Inyo County was disqualified from acting in the cause, but also that the superior court of Mono County was the nearest court in which the like objection did not exist. If for any reason the order of transfer was erroneous, it could have been reviewed by a direct appeal therefrom.

2. Upon the expiration of his term of office the judicial power of Judge Rooney ceased, and it was not competent for him thereafter to do any act necessary to complete the trial of any cause which then remained unfinished. (*Mace* v. *O'Reilley,* 70 Cal. 231; *Connolly* v. *Ashworth, ante,* p. 205.) The trial of the issues of fact in an action is not completed until the decision upon those issues has been given by the court (*Hastings* v. *Hastings,* 31 Cal. 95), and this decision must not only be given in writing, but it must also be filed with the clerk. If not filed until after the expiration of the term of office, it cannot form the basis of a judgment. (*Connolly* v. *Ashworth, ante,* p. 205.) Section 633 of the Code of Civil Procedure

requires the court, in giving the decision, to state the facts found and the conclusions of law separately, and provides that after the decision has been given, judgment must be entered "accordingly." The judgment which is to be entered "upon the decision" is the sentence of the court in conformity with the conclusions of law, and must find its basis therein. (*Chamberlain* v. *Dempsey*, 14 Abb. Pr. 241; 15 Abb. Pr. 1; *Loeschigk* v. *Addison*, 19 Abb. Pr. 169; *Belmont* v. *Ponvert*, 3 Robt. 693.) The conclusions of law resulting from the facts found form the basis of the judgment, and until they have been made the decision of the case has not been given. The findings of fact are in the nature of a special verdict, and the conclusions of law to be drawn therefrom need not be made at the same time with the findings themselves, but may be reserved by the court for argument or further consideration, as is provided in the case of a special verdict in section 628 of the Code of Civil Procedure; and if made at the same time with the findings of fact, they may be changed by the court at any time prior to the entry of judgment. (*Condee* v. *Barton*, 62 Cal. 1; *Crim* v. *Kessing*, 89 Cal. 489.) Inasmuch, therefore, as the judgment is to be entered "upon the decision," and must find its basis in the conclusions of law, which are to be a part of the decision, it follows that the trial of the action is not completed until a decision has been given which states the conclusions of law upon which the judgment is to rest.

It sufficiently appears in the present case that at the time when Judge Rooney filed his findings of fact and certain conclusions of law, he did not himself consider that the action had been fully tried. His conclusion that the plaintiffs were entitled to judgment was qualified by the next clause, in which he directed counsel to prepare an interlocutory judgment for the purpose of directing a referee to take an account between the parties. It is manifest from this direction that the character and extent of the judgment was not to be determined by him until after such account had been taken. The conclusions of law which he had then made were insufficient as the basis of the judgment which he evidently intended to render, and it still remained for him to make further conclusions of law as the basis of his judgment, or to incorporate them in the order for a reference and an accounting which he had directed to be prepared.

3. The judgment which was prepared and signed by Judge Rooney could not be effective as a judgment until it was filed with the clerk. Until then it was but a purpose in the breast of the judge, which could be changed as he might determine. Whether he deposited it in the postoffice to be transmitted to the clerk, or himself carried it in person to the office of the clerk, is immaterial. Until it was actually filed it did not become a part of the records in the case and consequently was not a judgment.

4. Upon the findings that were filed in September the clerk was not authorized to enter any judgment. It is unquestionably true that when a judgment has been rendered, the subsequent act of the clerk in entering it is only ministerial, and may be done by him even after the expiration of the term of office of the judge by whom the judgment was rendered. If the judgment which was entered herein had been in fact "rendered" by Judge Rooney prior to January 5th, it would not have become nugatory by the failure of the clerk to enter it until after that date. The signature of the judge is not necessary to the validity of the judgment (*Crim* v. *Kessing*, 89 Cal. 489), but it is of service in determining what has been adjudged; and in its absence there must be something of record, as, for example, the minutes of the court, or the conclusions of law stated in the findings, by which the clerk can be guided in the performance of his ministerial duties, and from which the actual judgment of the court can be ascertained, and by which it can also be determined whether the clerk while acting in a ministerial capacity has correctly entered such judgment. There are many judgments whose entry involves nothing more than clerical or ministerial duties, such as a judgment for the recovery of specific real or personal property, or a fixed amount of damages, or one which is rendered generally that the plaintiff is not entitled to recover his demand from the defendant. In such cases the mere order for judgment in favor of the defendant or the plaintiff is all that is needed for the clerk, but in many other actions, and especially in those of an equitable nature, the form of the judgment, and the character of relief that is to be granted, are as much a matter for the exercise of judicial power as is the determination of the party in whose favor judgment is to be rendered.

Aside from the fact that it is evident from the findings themselves that it was not the opinion of the judge who tried the present case that the trial was completed, a consideration of the character of the action will show that the clerk was neither authorized to enter the judgment which he did enter herein, nor to enter any judgment whatever upon the findings themselves at the time they were filed, or any time thereafter.    The action is for the purpose of declaring that the defendant Conklin had been guilty of certain fraudulent acts in the matter of an insolvent's estate, and of declaring that he held certain property in trust for the benefit of the plaintiffs, and for an accounting of the moneys that had been received by him under such trust.   Although the court found that the plaintiffs were entitled to judgment, there still remained many matters to be adjudicated by it before there could be a final determination of the rights of the parties.   It was necessary to determine the principles upon which the accounting should be had, whether the property that had been conveyed to Conklin should be sold or not, and, if it was to be sold, whether the sale should be had before the accounting was taken, as well as the manner and terms of such sale; whether the sale should be absolute when made by the referee, or should only become so after a confirmation by the court; whether the plaintiffs should have a direct money judgment against Conklin for the amount of their claims, or whether their recovery should be limited to the proceeds of the property received by him; whether those claims should bear interest, and, if so, at what rate, and whether in the accounting which was to be given by Conklin he should be charged interest upon the moneys he had received; whether the plaintiff, John Broder, was entitled to any judgment against Conklin, or was estopped therefrom.   These and many other subjects involved in the action demanded judicial determination, and could not be determined by the clerk, and until they were so determined the ministerial act of the clerk in entering the judgment did not arise.

The order is affirmed.

McFarland, J., Garoutte, J., De Haven, J., and Beatty, C. J., concurred.