KLUNDT, Appellant, v. HEMENWAY, et al, Respondents.

(244 N. W. 377.)

(File No. 7270. Opinion filed September 27, 1932.)

*Miller & Shandorf,* of Mitchell, for Appellant.

*Waddel & Dougherty,* of Webster, for Respondents.

CAMPBELL, P. J. This action was instituted by plaintiff, a creditor of defendant Herbert Hemenway, for the purpose of setting aside a transfer of realty from the said Herbert Hemenway to his son and codefendant Fred Hemenway, upon the ground that the same was fraudulent as to creditors and particularly as to plaintiff. Findings and conclusions were in favor of the defendants, and from judgment entered thereon and from denial of his motion for new trial plaintiff has appealed.

As one of his grounds for new trial, appellant by apt claim of error and upon proper record urged in the court below, and urges here, the entire invalidity of the decision (findings of fact and conclusions of law) and judgment. The facts in that connection are as follows: The case was tried in November, 1930, before Honorable R. D. Gardner, then one of the judges of the Fifth circuit. At the November, 1930, election Hon. Van Buren Perry was elected judge of the Fifth circuit to succeed Judge Gardner. The decision of the court in this case, consisting of findings of fact and conclusions of law, and a judgment pursuant thereto, were signed by Judge Gardner on Monday, January 5, 1931. They were not filed in the office of the clerk of the circuit court of Day county, where the case was tried, until Wednesday, January 7, 1931. Meantime, on Tuesday, January 6, 1931, shortly after 12 o'clock noon, Judge Perry, as he was lawfully entitled to do, had qualified and entered upon his term of office as successor to Judge Gardner by filing his oath of office with the secretary of state.

It is clear, under these circumstances, that from and after the filing of his oath of office shortly after noon on Tuesday, Judge Perry became the successor of Judge Gardner and was thenceforth entitled to exercise all the power and authority of the office theretofore held by Judge Gardner, and correlatively from and after the qualification of Judge Perry, Judge Gardner was no longer entitled to exercise any power or authority whatsoever as circuit judge. We have therefore a situation where a circuit judge tried a court case, signed his decision (findings of fact and conclusions of law) and judgment thereon prior to the expiration of his term of office, but did not file the same until after such expiration.

Section 2525, Rev. Code 1919, provides as follows: "Upon the trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within thirty days after the cause is submitted for decision, and upon the trial of a question of law the decision must be given by the court at the time the question is submitted for decision, or within fifteen days thereafter, and no judgment shall be rendered or entered until after the filing of such decision."

This court has said: "Findings and decision by the trial court must be in writing and filed with the clerk * * * before they

become effectual as a decision." Clark Implement Co. v. Wadden (1912) 29 S. D. 195, 136 N. W. 111, 112.

 Under this statute we are compelled to the conclusion that the trial of a court case (where findings are not waived) is not completed until the judge gives his decision in writing and files the same with the clerk. We think the deposit of the decision (that is, the findings of fact and conclusions of law) with the clerk for filing is an integral and necessary part of the judicial function of decision, notwithstanding the fact that it may be, and frequently is, delegated to counsel. Such decision is of no value or effect for any purpose until it is filed. On Wednesday, January 7, 1931, Judge Gardner had no power or authority to perform any judicial function. He had no power or authority to file this decision himself as a judge on that date, nor to authorize any one else to do so for him. It is so held in other states under cognate statutes fundamentally upon the ground that the unfiled decision (even though signed) is subject to revocation by the judge at any time and does not become a final decision until deposited with the clerk for filing. A trial is not concluded until the findings of the court are filed with the clerk, and when the judge's term expires before the filing of such findings the fact that findings were signed by the judge before the expiration of his term and subsequently filed with the clerk pursuant to an order of his successor will not support a judgment. Connolly v. Ashworth (1893) 98 Cal. 205, 33 P. 60; Broder v. Conklin (1893) 98 Cal. 360, 33 P. 211. To the same effect, see, Crane v. First Nat. Bk. (1913) 26 N. D. 268, 144 N. W. 96. See, also, Cain v. Libby (1884) 32 Minn. 491, 21 N. W. 739; Brave Bull v. Ordway (1928) 57 N. D. 344, 221 N. W. 780; Mace v. O'Reilley (1886) 70 Cal. 231, 11 P. 721; Estudillo v. Sec., etc., Co. (1910) 158 Cal. 66, 109 P. 884; Scholle v. Finnell (1916) 173 Cal 372, 159 P. 1179.

On January 7, 1931, under the circumstances here appearing, Judge Gardner was no longer the incumbent of his previous judicial office. He had no power or authority on January 7 to file a judicial decision or to render a judgment. It follows that the trial of this cause was incomplete upon the expiration of Judge Gardner's term, the same not having been decided in the manner and form required by statute, and a new trial should have been awarded.

Our holding on this point is decisive of the present appeal. Other errors assigned go, for the most part, to matters which are not apt to recur upon a new trial, and we find nothing therein which we deem it necessary or advisable to pass upon at this time.

The judgment and order appealed from are reversed.

All the Judges concur.