AGARD, Respondent, v. MENAGH, Appellant.

(244 N. W. 379.)

(File No. 7381. Opinion filed September 27, 1932.)

C. E. Noel, of Highmore, for Appellant.

Will G. Robinson, of Pierre, for Respondent.

CAMPBELL, P. J. Plaintiff instituted her action in the circuit court of Hughes county in the Sixth judicial circuit in this

state. To her amended complaint defendant demurred, and the issue so joined was argued and submitted to Judge Hughes, the presiding judge of said court, on September 22, 1931. No written order ruling on said demurrer was made, but Judge Hughes orally announced that he would overrule the demurrer and allow thirty days to answer, and counsel for plaintiff stated that he would prepare an order accordingly and submit it for signature. Before any order was prepared, submitted, or signed, Judge Hughes became ill and some arrangement was made (the validity of which we assume for the purpose of this decision) whereby Judge Fisher (one of the judges of the Ninth judicial circuit in this state) was to act in place of Judge Hughes in this and other pending matters. Thereafter, and on December 14, plaintiff's counsel gave notice that he would apply to Judge Fisher at Miller, in Hand county, in the Ninth judicial circuit in this state, to sign an order overruling said demurrer. Defendant objected to the jurisdiction of Judge Fisher so to do, which objection has not been waived. No hearing was had on the demurrer before Judge Fisher and the merits thereof were not argued or submitted to him, but pursuant to the application of plaintiff and over the objection of defendant, Judge Fisher signed an order overruling the demurrer, basing said action on an affidavit of plaintiff's counsel to the effect that the demurrer had been previously argued and submitted to Judge Hughes, and that Judge Hughes had orally announced that he would make an order overruling it.

From this order overruling the demurrer defendant has appealed and urges inter alia the jurisdictional question.

 The proper method of ruling upon a demurrer, of course, is by order in writing, as contemplated by section 2592, R. C. 1919. The order would become complete and effective when reduced to writing, signed, attested, and filed. See sections 2561 and 2562, R. C. 1919. The oral announcement of Judge Hughes when the matter was submitted to him as to what he then intended his written decision would thereafter be was of no binding force or effect upon anyone. See Klundt v. Hemenway, 60 S. D. 248, 244 N. W. 377, opinion this day filed. When Judge Fisher came into the case to act in place and stead of Judge Hughes, there had been no decision upon the demurrer which the law could

recognize, and if it was desired that Judge Fisher should make an order ruling upon the demurrer the matter should have been resubmitted to him. The order ruling upon the demurrer was the judicial act of decision thereon and should not be made by a judge to whom the legal questions involved had never been submitted merely because some other judge previously acting in the matter, but now disqualified, and to whom the matter had previously been submitted, had orally announced his intention to make such decision.

■ For another reason appellant's objection to the jurisdiction of Judge Fisher was well taken. The application to Judge Fisher to sign an order overruling the demurrer was a motion upon notice and could not be brought on for hearing outside the circuit where the cause was pending without consent of the parties. Mitchell v. Morgan, 45 S. D. 138, 186 N. W. 568. The case was pending in Hughes county in the Sixth circuit. Judge Fisher therefore had no authority to hear the matter at Miller, in Hand county, in the Ninth circuit, under the circumstances here presented; appellant not consenting thereto.

The order appealed from must therefore be reversed.

All the Judges concur.