HUTCHINSON COUNTY, SOUTH DAKOTA, Appellant, v. BENDER, et al, Respondents.

(264 N. W. 816.)

(File No. 7807. Opinion filed February 1, 1936.)

*Wm. J. Metzger*, of Olivet, for Appellant.
*Alan Bogue*, of Parker, for Respondents.

CAMPBELL, J. On June 29, 1933, Hutchinson county recovered a money judgment in the sum of $12,676 against Fred Bender, Jr. The county presently discovered that by the execution of instruments dated August 19, 1932, but withheld from record until the early part of June, 1933, the said Fred Bender, Jr., had encumbered and conveyed most, if not all, of his property to various relatives. Included in said transfers was the conveyance of a 40 acre tract of real estate to Richard A. Bender, his son. Thereafter, and in July, 1933, Hutchinson county instituted the present action against Fred Bender, Jr., and Richard A. Bender as defendants, alleging said transfer to be without consideration and fraudulent and void as against creditors, and seeking to have the same set aside and the 40 acre tract subjected to the lien of plaintiff's judgment as property of Fred Bender, Jr.

Issues being duly joined, the matter came on for trial before the court, and findings, conclusions, and judgment were in favor of the defendants and adverse to the plaintiff, sustaining the validity of the transfer attacked. Judgment was entered on August 20, 1934. The case had been tried by Hon. R. B. Tripp, one of the judges of the First judicial circuit in this state. Plaintiff gave notice of intention to move for new trial, and the record was settled by certificate of Judge Tripp under date of January 26,

1935. Plaintiff brought on its motion for new trial for hearing before Judge Tripp on February 1, 1935, and on that same day an order was signed by Judge Tripp and entered and filed denying said motion.

From the adverse judgment and from the order of February 1, 1935, denying its application for new trial, plaintiff county has sought to appeal to this court.

Before the submission of the cause in this court, respondents, pursuant to order to show cause, moved to dismiss the appeal in so far as the same purports to be an appeal from the order denying the motion for new trial. The motion to dismiss is based upon an affidavit of counsel to the effect that the term of office of the Honorable R. B. Tripp, who tried the case below, expired on January 8, 1935, and that on that day his duly elected successor, Hon. C. C. Puckett, qualified and entered upon the duties of the office formerly held by Judge Tripp. Of these facts this court might well take judicial notice, and, in any event, appellant has conceded them by failing to appear or file any counter showing upon the motion to dismiss. From these facts respondents argue that on February 1, 1935, at the time of hearing and ruling upon the application for new trial, Judge Tripp was entirely lacking in authority to act; that consequently the order of February 1, 1935, was an absolute nullity; that so likewise must be the attempted appeal therefrom; that the same should be therefore dismissed. Fuller v. Anderson (1926) 50 S. D. 568, 210 N. W. 992; Warren v. Lincoln (1929) 56 S. D. 62, 227 N .W. 442. We are of the opinion that respondents are right in these contentions. By virtue of the specific provisions of statute (section 2553, R. C. 1919), Judge Tripp could settle the record after the expiration of his term of office. We have no statute, however, authorizing him to hear or rule upon an application for new trial after ceasing to be judge. Manifestly, the hearing and determination of a motion for a new trial is a judicial act, and (at least in the absence of specific statutory authority therefor) it was beyond the power and authority of Judge Tripp after the expiration of his term of office and at a time when he held no judicial position whatsoever in this state. Cf. Klundt v. Hemingway (1932) 60 S. D. 248, 244 N. W. 377. An order will therefore be entered for the dismissal of the appeal in so far as it

purports to be an appeal from the order denying motion for new trial.

■■ We come then to a consideration of the case viewed as an appeal from the judgment only. The brief of appellant exhibits thirteen assignments of error. The only assignments argued in the brief, however, are the assignments which go to the point that the findings of fact of the learned trial judge are not supported by the evidence and, indeed, are contrary to the evidence.

That the sufficiency of the evidence to support the findings cannot be reviewed on appeal from a judgment only is too well established in our practice to require the citation of any authority. As to the other assignments of error, they must be deemed abandoned because of appellant's failure to discuss or argue them in the brief. See State v. Damm (1933) 62 S. D. 123, 252 N. W. 7, and cases on the point there cited.

It follows that there is nothing before this court for review, and the judgment appealed from must therefore stand affirmed.

All the Judges concur.