## In Re JOHNSON'S ESTATE
EVANS, et al, Respondents v. JOHNSON, et al, Appellants
### (283 N. W. 151.)
(File No. 8156. Opinion filed December 30, 1938.)

*C. A. Christopherson, Jr.,* and *B. O. Stordahl,* both of Sioux Falls, for Appellants.

*Caldwell & Burns,* of Sioux Falls, for Respondent.

WARREN, J. John P. Johnson, a resident of Minnehaha County, South Dakota, died in January, 1934, leaving a last will and testament. The will was admitted to probate, and executors thereof were appointed. Decedent made a specific devise of land of approximately equal value to each of his ten children. The real property devised was free and clear of encumbrances, except a quarter section devised to the plaintiffs, his daughters, which was mortgaged to the Federal Land Bank of Omaha in the sum of approximately $7,000. The county court decreed that it was the intention of the testator that the plaintiffs should take the land specifically devised to them, subject to the mortgage. The plaintiffs appealed to the circuit court which determined that it was the intention of the testator to devise the land in question free and clear of encumbrances, and the executors were ordered to pay out of the general funds of the estate the mortgage indebtedness. This appeal is from the judgment of the circuit court only, as the appeal from the order denying the defendant executors' motion for new trial has been dismissed.

On this appeal appellants have presented six assignments of error. Assignment of error No. 1 concerns a certain offer of proof presented by appellants to the circuit court. Appellants

contend that the circuit court erred in refusing appellants the right to show by statements of the deceased, made at the time of the drafting of the will, that it was testator's intention that the land devised to respondents would be subject to the record encumbrance. Appellants argue that the intention of the testator as to the payment of this mortgage cannot be discerned and determined from the language of the will itself and it is therefore ambiguous, and that the ambiguity being latent, the declarations of the testator are admissible for the purpose of showing his intention.

 In dealing with and considering this assignment of error, it seems fair to us to say that the ruling on the offer of proof could not have been prejudicial to appellant for the reason that had the evidence been admitted, and when the court came to its ultimate conclusion that the testator had assumed and agreed to pay the mortgage, and that the mortgage constituted a debt, all ambiguity would naturally have disappeared and the court could not have given any effect to the declaration of the deceased because so to do would have been to disregard an expressed provision contained on the face of the will to pay debts. The finding that the court made upon the assumption of the debt need not be considered because the appeal is from the judgment alone.

 Appellants urge that no claim was presented to the executors or filed against the estate for the amount of the encumbrance upon the real estate, that the respondents therefore cannot legally pay off this encumbrance. The California court in Re Estate of De Bernal, 165 Cal. 223, 131 P. 375, Ann. Cas. 1914D, 26, treating a similar situation said: "It is likewise held that, as between the executor and those interested in the estate, it can make no difference in this regard that the holder of the mortgage does not present his claim against the estate, but prefers to rely entirely on the future enforcement of his lien against the specific property mortgaged. See Page on Wills, § 765; Turner v. Laird, 68 Conn. 198, 35 A. 1124. As suggested in the case just cited, the extent of the testator's bounty to a certain person cannot thus be reduced by the acts or omissions of the creditor, and, as between the executor and those interested in the estate, the payment should be made from other funds of the estate, so far as it can be, in order to effectuate the gift from the testator to the specific devisee." And in the case before us there is sufficient

other property in the form of a large amount of personal property that can be used to satisfy the mortgage indebtedness without disturbing the devise, thus carrying out the intention of the testator.

Assignments of error two to six, inclusive, concern themselves with the sufficiency of the evidence to support the findings of fact, conclusions of law and judgment of the circuit court. As previously stated, the appeal from the order denying appellant's motion for new trial has been dismissed. In re Johnson's Estate, Evans et al. v. Johnson et al., 66 S. D. 256, 281 N. W. 113. Therefore, the present appeal is from the judgment only. It is well-settled rule of this jurisdiction, needing no lengthy statement of authority, that where an appeal is from the judgment only and not from the order overruling the motion for new trial, this court will not determine the sufficiency of the evidence. Hutchinson County v. Bender et al., 64 S. D. 109, 264 N. W. 816. It follows that assignments of error two to six, inclusive, have no bearing on the disposition of this appeal.

The judgment appealed from is affirmed.

POLLEY, RUDOLPH, and SMITH, JJ., concur.

ROBERTS, P. J., concurs in result.