## Yulis v. Borough of Ebensburg

*Myers, Taylor & Peduzzi*, for plaintiffs.

*Davis & Davis*, for defendant.

GRIFFITH, J., June 8, 1956.—This is a rule by defendant to show cause why the decree of the court en banc denying defendant's motions for new trial and for judgment n. o. v. should not be set aside.

An action of trespass was tried by a jury before the Honorable H. C. McWilliams, Jr., as trial judge, and resulted in a verdict for plaintiffs. Judge McWilliams wrote an opinion and signed a decree on December 31, 1955, denying defendant's motions for a new trial and for judgment n. o. v. On January 18, 1956, after the expiration of his term in office, he presented the opinion and decree to Judges McKenrick and Griffith, each of whom concurred and signed and filed the same in the office of the prothonotary on the same day. Shortly thereafter defendant obtained a rule to show cause why the decree denying its motion for new trial and for judgment n o. v. should not be set aside on the ground that the opinion and decree written by Judge McWilliams were invalid since they were not filed during his term of office.

We quite agree with the reasoning of the court in the California case of Broder v. Conklin, 98 Cal. 360, 33 Pac. 211, cited by defendant to the effect that a decree prepared and signed by a judge in chambers cannot be effective as a judgment until filed with the court, for until filed it could be changed in any manner the judge might determine. Certainly the statutory period during which defendant may appeal does not begin to run until a decree is filed in the clerk's office.

Defendant relies on the case of Sheridan v. Goldberg, 63 D. & C. 466, which was a proceeding in equity in which one judge, sitting as chancellor, was the fact finding body. The chancellor's adjudication, dated January 3, 1948, was not filed until January 5, 1948, although his commission had expired January 4, 1948. The court en banc vacated the decree of the former chancellor, although one judge, concurring on other grounds, did not agree that the delay in filing invalidated the decree. In the Sheridan case, the adjudication of the fact finding body (the chancellor) was filed after its authority to find facts (the chancellor's commission as judge) had ceased.

An analogous situation would have occurred in this case, if the entire jury had been disqualified after the testimony had been taken and thereafter had rendered its verdict. Here, however, a trial by jury was had and the jury found a verdict for plaintiffs. The issues of fact were determined by a body legally qualified to make such determination. Defendant's motions for a new trial and for judgment n. o. v. were argued before a court en banc consisting of the trial judge and two of his colleagues. The trial judge wrote the opinion and decree for the court en banc and signed the decree prior to the expiration of his term of office. He did not present them to the other members of the court en banc until after his term had expired. When they concurred in his opinion and decree they, in effect,

adopted this opinion and decree as the opinion of the court. They were filed in the office of the prothonotary on the same date and became a part of the record in this case.

In Reiber v. Boos, 110 Pa. 594, a new trial was awarded in an opinion and decree written and filed by the law judge after his commission had expired. However, the opinion and decree were concurred in by the two associate judges and the court said, page 598:

"The rule had been argued before all the judges, and certainly there was nothing either improper or unlawful in the enunciation of their opinion either by the associates, or by the former law judge as *amicus curiae.*"

In Commonwealth v. Petrillo, 340 Pa. 33, 48, the court said:

" 'It may be stated as the general rule that the death, disqualification or absence of a judge will not deprive the surviving or remaining judges of authority to hold court and transact the business of the court. . . .' "

On a motion for new trial it is, of course, desirable that the judge who presided at the trial hear the argument and participate in the decision; however, there can be no doubt but that a judge who did not preside over the trial may decide whether a motion for a new trial be granted and "This is true where the trial judge has died or his term has expired before the motion for a new trial has been disposed of": 39 Am. Jur. 181. Moreover, "the successor to the office of the judge presiding at the trial of a case is not, by reason of the fact that he did not hear the evidence at the trial, precluded from granting a new trial on the ground that the verdict is against the weight of conflicting evidence": 39 Am. Jur. 182.

There being no question of the power of the jury as a fact finding body in this case to arrive at a verdict,

the action of court en banc in refusing defendant's motions for new trial and for judgment n. o. v. was a valid action and a final disposition of the case in the lower court. However, in order that there may be no doubt in the matter, we hereby formally adopt the opinion and decree of the court filed January 18, 1956, as the opinion of the court.

We, therefore, enter the following

### Decree

And now, June 8, 1956, after argument and upon due consideration, defendant's rule to show cause why the opinion and decree of this court dated December 31, 1955, and filed January 18, 1956, should not be set aside is hereby discharged.