STATE OF MARYLAND *v.* JOSEPH DOWDELL
A/K/A Claude Dowdell

[App. No. 62, September Term, 1983.]

*Decided September 7, 1983.*

Before GILBERT, C. J., and ADKINS and BLOOM, JJ.

Submitted by *Stephen H. Sachs, Attorney General,* and *Kurt L. Schmoke, State's Attorney for Baltimore City,* for applicant.

No answer filed on behalf of Joseph Dowdell a/k/a Claude Dowdell.

GILBERT, C. J., delivered the opinion of the Court.

Joseph Dowdell, a/k/a Claude Dowdell, was convicted in November, 1979, in the then Criminal Court of Baltimore of rape in the first degree. He was sentenced to life imprisonment, and the sentence was directed to be served consecutively to sentences previously imposed. The conviction, on appeal, was affirmed by this Court in an unreported per curiam opinion, *Dowdell v. State,* No. 1582, September Term, 1979, filed November 30, 1980. The Court of Appeals denied certiorari. 289 Md. 735 (1981).

In August, 1981, Dowdell filed a petition for post conviction relief. Among other allegations made by him was the charge that he was denied "effective assistance of counsel." Subsequently a "Supplemental" petition was filed. It asserted in part that Dowdell "was denied his constitutional right to a fair and impartial trial for the reason that his attorney failed to adequately and competently represent him." A "2nd Supplement Petition for Post-Conviction" enumerated six specific reasons why Dowdell believed he was denied effective assistance of trial counsel. Inasmuch as the merits of this particular matter are not before us, there is no need to record here those six reasons.

The post conviction proceeding was heard before then Judge William H. Murphy, Jr., who in an "Opinion and Order" dated May 4, 1983, decided that Dowdell "was denied a fair trial by the incompetence of his trial counsel." Judge Murphy ordered that Dowdell "be granted a new trial and/or a belated appeal." Dowdell interpreted the order to confer upon him a choice of a new trial or a belated appeal. He elected the former.

Judge Murphy resigned from the bench at noon on May 4, 1983, in order to seek other elected public office.[1] For reasons that are not clear from the record, the order of May 4, 1983, was not received in the office of the Clerk of the now Circuit Court for Baltimore City until May 12, 1983.

---

1. *See* Md. Rule 1231, Canons and Rules of Judicial Ethics, Canons XXVII and XXIX as well as Rule 4 of the Rules of Judicial Ethics.

The State's Attorney for Baltimore City, obviously aggrieved by the decision made by erstwhile Judge Murphy, filed an application for leave to appeal. Md. Ann. Code art. 27, § 645 I. and Md. Rule BK 46.

In the application the State asserted in pertinent part:

"5. That the findings of Judge Murphy in his Order and Opinion on the above captioned Post Conviction Petition are contrary to fact and applicable law.

6. That said Order was filed in the Circuit Court Clerk's Office on May 12, 1983, eight days after Judge William H. Murphy, Jr., resigned as Associate Judge of the Circuit Court for Baltimore City."

The State's assertion as to Judge Murphy's findings being "contrary to fact and applicable law" is no more than a bald allegation unsupported by factual statements. As such it is improper and we shall not consider it. Md. Rule BK 46 b. *See also* Gilbert and Moylan, *Maryland Criminal Law; Practice and Procedure (1983)*, § 24.7.

Numbered paragraph 6 of the State's application is the heart of the matter, and the issue is: When is an order in a post conviction case effective, when it is signed or when it is filed? If such an order is not effective until it is filed with the clerk of the court, then the order in the instant case is a nullity since Judge Murphy was not in office when the order was actually filed.

Md. Rule BK 45 requires the judge who hears a post conviction case to file an order granting or denying the petition. The order must be accompanied by a memorandum which sets forth "each ground upon which the petition is based" and the court's ruling and reasons. Md. Rule BK 45 b. The order constitutes a final judgment for purpose of review. Md. Rule BK 45 c. The mere signing of an order does not make it final. An order does not become final until it is *delivered* to the clerk of the court for filing.[2] *Broder v. Conklin,* 98 Cal.

---

2. This is a general rule, and as with all general rules it is subject to exceptions, not here applicable.

360, 33 P. 211 (1893); *Gossman v. Gossman,* 52 Cal. App.2d 184, 126 P.2d 178 (1942); *Crane v. First Nat. Bank,* 26 N.D. 268, 144 N.W. 96 (1913); A. C. Freeman, *Law of Judgments,* § 46 *et seq.,* at 75 (1925).

We stress that the order must be *delivered* to the clerk before it becomes final. There are at least two reasons for that conclusion: 1) while it is still in the judge's possession, irrespective of whether it has been signed, it is at best a proposed order subject to change along with the judge's thought process; and 2) the parties to the proceeding are unable to calculate the time frame for appeal until the order is filed, so that permitting the order to be effective when signed as distinguished from when filed would allow a judge to frustrate the right to appeal by simply withholding filing until the time for appeal has expired or is so close to expiration that for practical, mechanical purposes it is tantamount to expiration.

The delivery of the findings of fact and order thereon to the clerk of the court for entry of judgment is the final act in the decision rendering process. *Crane v. First Nat. Bank, supra.* It is not, however, the duty of the judge to see to it that the clerk actually performs the necessary ministerial act of recording the order in the docket of the court. The judge's duty ceases upon the delivery by him or her to the clerk of the court or to the person as is designated by the clerk to receive such documents.

In the instant case Judge Murphy signed the proposed order on May 4, 1983, but obviously did not cause the order to be delivered to the clerk on that day. When the order was received by the clerk eight days later, the judge was no longer in office. On May 12, 1983, former Judge Murphy had no power or authority either to file his decision himself or to authorize someone else to file it for him. Once a judge has retired, resigned, or otherwise vacated office, he or she is divested of all authority to perform any judicial function, even ministerial ones.[3] *Broder v. Conklin, supra; Mace v.*

---

3. Pursuant to Maryland Constitution Art. IV, § 3A, if a judge is recalled temporarily to serve as a judge, he or she is vested with the full powers of a judge during that time.

*O'Reilley,* 70 Cal. 231, 11 P. 721 (1886); *Cain v. Libby,* 32 Minn. 491, 21 N.W. 739 (1884).

The order signed May 4, 1983, and received on May 12, 1983, had no more force and effect than had it been delivered by any other citizen not a judge of the Circuit Court of Baltimore City. That being the situation, the State's application for leave to appeal is granted and the order of the circuit court is reversed.

Inasmuch as Dowdell's petition for post conviction relief has not been properly decided, he should be afforded the opportunity of proceeding with his petition just as if it had never been heard by Judge Murphy.

> *Application for leave to appeal granted.*
> *Order reversed.*
> *Case remanded for further proceedings.*