749 A.2d 247

**In re VY N.**

**In re Dat T.**

**In re Kyle K.**

**In re Donald S.**

**Nos. 415, 417, 421 and 424, Sept. Term, 1999.**

Court of Special Appeals of Maryland.

April 5, 2000.

Mary Ann Ince, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on the brief), Baltimore, for appellant.

Steven D. Campen (Thai H. Nguyen, on the brief), Rockville, for appellees, Vy N. and Dat T.

Gary L. Crawford, (Debelius, Clifford, Debelius, Crawford & Bonifant, Chtd, on the brief), Gaithersburg, for appellee, Kyle K.

Marc A. Zeve, on the brief, Germantown, for appellee, Donald D.

Argued before MURPHY, C.J., and WENNER and MARVIN H. SMITH (Retired, Specially Assigned), JJ.

MURPHY, Chief Judge.

█ Conceptually, the courts are always open. [Maryland Rule 1–322] therefore permits a pleading or paper to be filed with a judge, assuming the judge agrees to accept the pleading or paper for filing ... For example, if a complaint was not finished for good reason until 11:00 p.m. on the last day for filing before the running of the statute of limitations, it is appropriate to seek out (and humor) a judge and request that the pleading be filed to toll the statute of limitations.

Niemeyer and Schuett, *Maryland Rules Commentary*, p. 41(1992). These combined appeals from the District Court of Maryland sitting as a Juvenile Court for Montgomery County involve "after hours" delivery—to the clerk rather than to a judge—of delinquency petitions that had to be filed no later than January 11, 1999,[1] and present the question of whether that court erred in dismissing the petitions on the ground that they were (1) delivered to the Clerk's Office sometime after 4:30 p.m. on January 11th, but (2) "stamped in" on January 12th. For the reasons that follow, we shall vacate the dismissals at issue and remand for further proceedings.

## I.

It is not disputed that the "within 30 days" requirement of § 3–812(b) was satisfied if the delinquency petitions were *filed* on January 11, 1999. Although the State produced testimony that the petitions were filed shortly before 4:30 p.m. on that

---

1. Md.Code (1998 Repl.Vol., 1999 Supp.) Cts. & Jud. Proc. Art., § 3–812(b) provides that, unless such time is extended by the court for good cause shown, the State's Attorney *shall* file a petition alleging delinquency within thirty days after the receipt of a referral from the intake officer.

date, the District Court was not clearly erroneous in finding "that the petitions were filed after four-thirty ..." Immediately after announcing that finding, the District Court stated:

"... and that the clerk correctly stamped them in the next morning at eight o'clock the first thing. Therefore they were filed, the Court finds, on [January] 12 th and [January] 12 th was more than thirty days after the receipt from the Department of Juvenile Justice."

That statement contains a non-clearly erroneous finding of fact as well as a conclusion of law. We shall not disturb the factual finding that the delinquency petitions were "stamped in" on the thirty-first day. We shall, however, review *de novo* the issue of whether the petitions were "filed" on January 12 th because the court's "finding" on that issue is actually a conclusion of law. If a petition is deemed to have been filed on the day it is delivered to the Clerk's Office, the petitions were timely. If a petition is deemed to have been filed on the day it is "stamped in" by an employee of the Clerk's Office, the petitions were filed too late. We are persuaded that the petitions were filed on January 11 th, even though they were delivered after 4:30 p.m. on that date.[2]

## II.

In *Reserve Ins. Co. v. Duckett*, 240 Md. 591, 214 A.2d 754 (1965), which involved the issue of whether an insurance policy had expired, the Court of Appeals held as follows:

It is true that usually the law does not take cognizance of parts of a day. However, there is a well recognized exception to this rule, viz., that where a contract sets forth a specific hour of termination such provision will control rather than the general rule.

*Id.* at 597, 214 A.2d 754. *See also Durstin v. Dodge*, et al., 138 Me. 12, 20 A.2d 671 (1941), in which the Supreme Judicial

---

**2.** In light of our conclusion that the petitions were not untimely, we shall not address the State's alternative argument that, because § 3–812(b) was amended subsequent to the Court of Appeals decision in *In re James S.*, 286 Md. 702, 410 A.2d 586 (1980), dismissal of an untimely delinquency petition is no longer mandated.

Court of Maine noted "the rule that where a person is given a certain number of days after an event in which to perform an act, he has up to the last minute of the last day in which to perform it." *Id.* at 672.

■ Maryland Rule 1–322, in pertinent part, provides:

The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that a judge of that court may accept the filing, in which event the judge shall note on the papers the filing date and forthwith transmit them to the office of the clerk.

According to the Court of Appeals Standing Committee on Rules of Practice and Procedure,[3] the above quoted portion of the rule (1) "effectually makes the court always open for the filing of papers," and (2) provides that "the filing date" is "the day the judge accepts the paper." As Member Melvin J. Sykes, Esq. stated during the committee's November 12, 1983 meeting, "this provision allows attorneys to meet filing deadlines."

■ When a pleading or other paper must be filed within a particular number of days, it can be filed anytime before midnight on the last day provided that—if the Clerk's Office has closed—it is delivered to a judge or to an employee of the Clerk's Office who is authorized to accept delivery of such a document during the hours that the office is open to the public.[4] Nothing in the applicable statute or in the Maryland

---

3. From April 1, 1969 until June 31, 1984, Maryland Rule 19 provided that "[a] court shall be deemed to be always open for the transaction of business therein," and was accompanied by an Editor's note that traced the language of the rule to "a phase which appeared in article 16, § 172, 1951 Code, now repealed, and in former General Equity Rule 1." From our review of the minutes of the Rules Committee and the letters to the Court of Appeals that accompanied the committee's recommendations, we are persuaded that what had been provided for in Rule 19 is now provided for in Rule 1–322.

4. There is an exception to this rule for situations in which the court has ordered that the paper be filed by a specific hour. For example, if a

Rules of Procedure provides that anything delivered to a clerk after 4:30 p.m. is deemed to have been filed on the next day that the Clerk's Office is open.[5] As is pointed out in the *Maryland Rules Commentary, supra* at 41, judges often receive date sensitive documents *after* the clerk's office has closed for the day.[6] We take judicial notice that clerks do so as well. The correct procedure in such a situation calls for the judge (or other authorized person) to (1) note (or stamp) the minute, hour and day that the document is received; and (2), as soon as is practicable thereafter, present it to the employee(s) of the Clerk's Office assigned to process such documents. In these situations, the document is deemed "received for filing" on the day that it is delivered to the judge or other authorized person.

## III.

It is well settled that the "date upon which the [final judgment] becomes effective and binding . . . can only be that date upon which it is filed and becomes a part of the public record of the case." *Pocock v. Gladden,* 154 Md. 249, 254, 140 A. 208 (1928).[7] *See also Leese v. Dept. of Labor,* 115 Md.App.

---

party has been granted an opportunity to "show cause in writing" by 2:00 p.m. on a particular day, the party's response to that order must be filed by the specified time.

**5.** The Chief Judge of the District Court of Maryland has promulgated DISTRICT COURT ADMINISTRATIVE REGULATIONS, including:

X. HOURS OF CLERKS' OFFICES

The clerical offices of the District Court shall be open to the public from at least 8:30 a.m. to 4:30 p.m., Monday through Friday of each week. Each clerical office shall also be open during such additional hours and on such additional days as the Administrative Judge of the District or the Chief Judge of the Court shall prescribe. The offices shall not be open on holidays as defined in the Maryland Rules of Procedure.

**6.** The fact that the petitions were stamped in before 8:30 a.m. on January 12th establishes that they were delivered to a duly authorized employee of the District Court.

**7.** Maryland Rule 2–601(a) expressly provides that "[a] judgment is effective only when . . . entered as provided in subsection (b) of this Rule."

442, 446, 693 A.2d 841 (1997), and *State v. Dowdell*, 55 Md.App. 512, 515, 464 A.2d 1089 (1983). These cases are entirely consistent with our holding that the petitions at issue were filed on the date that they were delivered to the Clerk's Office. In *Dowdell*, while holding that an order signed on May 4, 1983, by a judge who resigned from the bench at noon on that day "had no more force and effect" when it was received by the clerk on May 12, 1983, Chief Judge Gilbert distinguished between the "mere signing of an order" and the delivery of that order to the clerk:

> The delivery of the . . . order . . . to the clerk of the court for entry of judgment is the final act in the decision rendering process . . . It is not, however, the duty of the judge to see to it that the clerk actually performs the necessary ministerial act of recording the order in the docket of the court. The judge's duty ceases upon the delivery by him or her to the clerk of the court or to the person as is designated by the clerk to receive such documents.

55 Md.App. at 515, 464 A.2d 1089 (internal citations omitted). We are persuaded that Chief Judge Gilbert's analysis is equally applicable to the filing of a complaint, or a charging document, or a delinquency petition. Persons who deliver date sensitive pleadings do not have a duty to remain in the Clerk's Office until they witness an employee of that office actually perform the ministerial act of recording the pleading on the date that it is delivered.[8]

### IV.

In *State v. One 1980 Harley Davidson*, 303 Md. 154, 492 A.2d 896 (1985), the Court of Appeals noted that "the State should not ordinarily suffer the sanction of dismissal because

---

8. If the employee who received the delinquency petitions told the employee of the State's Attorney's Office who delivered them that they would be treated as if received on January 12 th, the State could have avoided the "stamped in" problem by requesting an extension under the express authority of § 3–812(b). It is clear that, at the time the delinquency petitions were delivered to the Clerk's Office, the State had over 7 hours to make such a request.

of an error on the part of the court's administrative staff." *Id.* at 160, 492 A.2d 896. Neither, of course, should any other party. A person who has been convicted and sentenced to prison is entitled to file a belated appeal if the trial court is persuaded that the prisoner has made every reasonable effort to file a timely appeal, but that attempt to do so was thwarted by the action—or inaction—of a guard, or a court clerk, or any other employee or agent of the government. *Beard v. Warden,* 211 Md. 658, 661, 128 A.2d 426 (1957); *McCoy v. Warden,* 1 Md.App. 108, 121, 227 A.2d 375 (1967).

In this case, an evidentiary hearing was necessary to determine whether the State did or did not comply with § 3–812(b). In light of the factual finding that an employee of the Clerk's Office received the delinquency petitions on January 11th, it is of no consequence that the petitions were "stamped in" before the Clerk's Office "opened" to the public on January 12th. We hold that, because the delinquency petitions at issue were actually delivered to a person authorized to receive them on January 11th, they were *filed* on—and should have been "stamped in" as of that date.

ORDERS DISMISSING PETITIONS VACATED; CASES REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; APPELLEES TO PAY THE COSTS.