469 A.2d 487

**STATE of Maryland**

v.

**ONE 1980 HARLEY DAVIDSON MOTORCYCLE VIN # 9G3593950.**

**No. 370, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Jan. 10, 1984.

Certiorari Granted June 7, 1984.

intention to seek a mandatory sentence. *See also King v. State,* 55 Md.App. 672, 466 A.2d 1292 (1983).

Stephanie J. Lane, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., Andrew L. Sonner, State's Atty. for Montgomery County and Bruce Sherman, Asst. State's Atty. for Montgomery County on the brief, for appellant.

No brief or appearance by appellee's counsel.

Argued before GILBERT, C.J., and LISS and ADKINS, JJ.

GILBERT, Chief Judge.

Joel Howard Shapiro was arrested on July 8, 1981, for violations of the Maryland Controlled Dangerous Substances Act, Md.Ann.Code, art. 27, § 276, *et seq.* On or about July 24, 1981, a motorcycle owned by Shapiro was seized by the State pursuant to Md.Ann.Code art. 27, § 297(a)(4). In accordance with Md.Ann.Code, art. 27, § 297(n), the State, on May 6, 1982, filed a petition for forfeiture of the motorcycle, alleging that the vehicle had been used in the "transportation, sale, receipt, possession or concealment of controlled dangerous substances." Shapiro pleaded guilty in the Circuit Court for Montgomery County on May 26, 1982, and on June 29, 1982, he received a three year suspended sentence.

The State on July 13, 1982, filed a line requesting a hearing on the forfeiture petition. A trial on the petition was held on January 6, 1983, at which time Judge William C. Miller dismissed the petition and ordered the motorcycle returned to Shapiro. Judge Miller based his holding upon the statute, which reads in pertinent part:

"(n)—Subject to the provisions permitting posting of a bond, the court shall retain custody of the motor vehicle pending prosecution of the person accused and in case such person be found guilty, the motor vehicle shall remain in the custody of the court until the hearing on the

forfeiture is held. *The hearing shall be scheduled no more than 30 days after conviction of the defendant,* and reasonable notice shall be given to those parties filing an answer to the petition." (Emphasis supplied.)

 We affirm the dismissal of the State's petition and adopt Judge Miller's "Memorandum Opinion." Judge Miller wrote:

"It would appear that the State has demonstrated by competent evidence that it has grounds to forfeit the motorcycle under Section 297(a)(4) of Article 27 of the Annotated Code of Maryland inasmuch as it was used to transport controlled dangerous substances. As stated in *State v. One 1967 Ford Mustang,* 266 Md. 275, 278 [292 A.2d 64], 'The statute's mandate must be obeyed for it is not a penalty imposed as part of the criminal punishment that can be invoked at the discretion of the trial judge.' The more recent amendments do provide some guideline for the exercise of discretion. None, however, appear to be applicable to the instant case.

The chief law enforcement officer determined that the forfeiture was warranted, the State's Attorney notified the MVA, who certified the owner to the State's Attorney, the owner was notified by certified mail and the vehicle was seized. The State did everything to . . . [trigger the forfeiture proceeding except to comply] with Section 297 (n) of Article 27, *supra,* which provides:

'The hearing shall be scheduled no more than 30 days after conviction of the defendant . . .'

[Shapiro] was convicted on June 29, 1982, and a hearing date of January 6, 1983, was scheduled. It was [so] 'scheduled' . . . [by the Court] on August 2, 1982 . . . . [In a] strained construction of Section 297(n), *supra,* [one] might count the 30 days from the date of conviction to the date that the Court calendared . . . [the forfeiture proceeding] for hearing. The literal and natural meaning of the provision [,however,] is clearly that it . . . [means] 30 days from conviction to hearing date. This is what the

statute provides and as the Court in the fictional case of *Bluff v. Father Gray* stated:

'If Parliament doesn't mean what it says, it must say so.'

Under either construction more than 30 days elapsed from the date of conviction.

The question before the Court is whether the 30 day requirement of Section 297(n), *supra,* is mandatory or merely directive.... [The Court of] Appeals in ... *Scherr v. Braun,* 211 Md. 553 [128 A.2d 388] [1957], extensively reviewed the question of whether a time limitation is to be given a mandatory or directive construction. The *Scherr* case involved the construction of Article 2B, Section 166(d)(3), of the Annotated Code of Maryland .... [That Section] provided that, 'The failure of the Court to determine an appeal within a period of 30 days after the record has been filed in court by the local board as above provided, shall constitute an automatic affirmance of the local board's decision, unless the time has been extended by the Court for cause shown.' ... [T]he *Scherr* ... Court pointed out that where the directions of a statute look to the orderly and prompt conduct of ... business, such as a trial judge rendering his opinion within two months, it is generally regarded as directory; ... where the consequences of a failure to act are in the statute, there is a clear indication of a legislative intent to circumscribe a right or where the Court is without jurisdiction unless it complies with the statute, it is mandatory."

The State urges us to hold that the absence of a penalty provision in § 297(n) mandates that this subsection be classified as directory rather than mandatory. Furthermore, argues the State, if the subsection is directory, a dismissal of the petition for forfeiture is an improper sanction. *See Harvey v. State,* 51 Md.App. 113, 116, 441 A.2d 1094, 1096 (1982). In response to the same argument by the State in the trial court, Judge Miller said:

"A review of the cases involving Section 297, *supra,* clearly indicate[s] that its provisions are mandatory: *State v. One 1967 Ford Mustang* [266 Md. 275, 292 A.2d 64 [1972]], *supra,* the 'statute's mandate must be obeyed . . .'; *Prince George's Co. v. One 1969 Opel,* 267 Md. 491, 495 [298 A.2d 168] (1973) that the substitution of Section 297, for 301 made 'more rigorous and less flexible the provisions in respect of forfeiture'; *Prince George's County, Maryland v. Blue Bird Cab Co.,* 263 Md. 655 [284 A.2d 203] [, 662] (1971) that it was a 'harsh law' and needed lenitive revision and *Baltimore County v. Jones,* 46 Md. App. 419, 425 [417 A.2d 470] (1980) 'The General Assembly has now mandated that the right to institute a proceeding for the forfeiture of seized contraband has a condition precedent that the petition be filed within the 90 day period set out in the statute.' These appellate rulings clearly indicate that the provisions of Section 297, *supra,* are mandatory and must be followed, and this would seem to include subsection (n)."

Additionally, it must be noted that § 297(b)(4) requires that proceedings be instituted "promptly," without reference to a particular time limit. In *Geppi v. State,* 270 Md. 239, 310 A.2d 768 (1973), the Court of Appeals considered the use of the word "promptly" and determined that,

"[T]he General Assembly, by using the word 'promptly' without defining it further in the litigation, intended that the courts should give it effect in the light of the facts and circumstances in each case . . . . In this way, the State was not placed in a 'straight jacket,' as it were, of a designated time for filing the forfeiture petition; and, at the same time, the possible impairment of a claimant's right to due process of law by an unreasonable delay in the institution of forfeiture proceedings was avoided." 270 Md. at 247, 310 A.2d at 772.

■ Unlike § 297(b), the section in question designates a specific time limit for the hearing on the petition for forfeiture. The State could have filed its petition shortly after it

seized the motorcycle, thereby possibly avoiding a problem in scheduling a hearing within the mandated time allowance. Instead, the State filed its petition nearly one year after Shapiro's arrest and the seizure of the motorcycle. Furthermore, the State did not ask for a hearing on the petition until two and one-half months after it had filed its forfeiture request.

The State claims here that "it has no authority over the assignment division of the clerk's office which handles the scheduling of cases." True as that may be, the State clearly could have acted more promptly so as to avoid the possibility of consequences it ultimately encountered.

■ Additionally, we note that the statute as originally enacted by Laws 1970, ch. 403, contained no time limitation on the forfeiture proceeding. In Laws 1972, ch. 659, current subsection (n) was added. That subsection provides that the "hearing" on the forfeiture "*shall be scheduled no more than 30 days after conviction of the defendant.*" [1] We think that expression of the legislature to be mandatory not merely directive. Certainly, the legislature is cognizant of the caseload that exists in the courts, but it was obviously concerned that the caseload should not frustrate an individual's effort to recover his property. Therefore, the Maryland General Assembly decreed that the forfeiture proceeding must be held within 30 days of conviction of the defendant.[2]

In *Bozman v. Office of Fin., Balto. Co.,* 52 Md.App. 1, 10, 445 A.2d 1073, 1078 (1982), *aff'd,* 296 Md. 492, 463 A.2d 832 (1983), we likened the 90 day provision in § 297(b)(4) "unto a statute of limitations." We think that analogy is applicable here. If the hearing is not scheduled within 30 days from

---

1. We interpret the word "scheduled" as used in the statute to mean "held."

2. We do not here decide whether the statute is an illegal legislative intrusion into judicial procedural matters.

the date of conviction of the defendant, it is thereafter barred.

■ Judge Miller correctly observed:

"Section 297(n) does not look merely to the orderly and prompt conduct of the court's business and is not in the Court's opinion merely directive. The legislative intent in adopting the provision in question, that the 'hearing shall be scheduled no more than 30 days after conviction' in 1972 seems clear: if you are going to seize the defendant's motor vehicle and deprive him of his means of locomotion, we're not going to make him walk for more than 30 days unless you get an adjudication. The necessity for a prompt hearing relative to motor vehicles is greater than for money. Money can be kept in the bank; it is not unique; its battery doesn't run down and it can't be tampered with or vandalized. The time requirement for institution of proceedings to forfeit money under Section 297(b)(4), *supra,* is mandatory and a condition precedent to forfeiture. It therefore follows that the time requirement for a hearing under Section 297(n), *supra,* is also mandatory and a condition precedent to forfeiture of a motor vehicle.

The law does not favor a forfeiture and where the party seeking a forfeiture has failed to fulfill all conditions precedent to such a forfeiture, it should not be allowed."

■ The lack of a penalty provision in § 297(n) is not fatal. First, the dismissal of a forfeiture petition has been previously sanctioned for a failure to fulfill the statutory requirements of § 297. *See Baltimore County v. Jones,* 46 Md.App. 419, 417 A.2d 470 (1980), (petition dismissed for failing to file petition in conformity with § 297(b)(4)). Second, because we have determined that § 297(n) was mandatory rather than directory, dismissal is an appropriate sanction for a violation of the time provision of the statute. *See Harvey v. State,* 51 Md.App. at 117, 441 A.2d at 1096.

ORDER AFFIRMED. COSTS TO BE PAID BY MONT-GOMERY COUNTY.