492 A.2d 896

STATE of Maryland

v.

ONE 1980 HARLEY DAVIDSON MOTORCYCLE VIN # 9G3593950.

STATE of Maryland

v.

ONE 1973 FORD TORINO VIN3B30H169115.

Nos.. 60, 100 Sept. Term, 1984.

Court of Appeals of Maryland.

May 29, 1985.

Stephanie J. Lane, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on brief), for appellant.

No brief filed by appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and EDWARD D. HIGINBOTHOM, Associate Judge of the Third Judicial Circuit (retired), Specially Assigned.

COUCH, Judge.

Here we decide two appeals involving the same basic issue, that is, whether the appropriate sanction for failure to comply with Maryland Code (1957, 1982 Repl.Vol.), Art.

27, § 297(n),[1] regarding forfeiture of motor vehicles used in drug trafficking, is dismissal of the petition for forfeiture. We conclude that dismissal is inappropriate and therefore, we reverse.

In the first appeal, Joel Howard Shapiro, the owner of a 1980 Harley Davidson motorcycle, was arrested in July, 1981 for violations of the Controlled Dangerous Substances Act. Maryland Code (1957, 1982 Repl.Vol.), Art. 27, §§ 276–302. Shortly thereafter, the State seized Shapiro's motorcycle pursuant to Maryland Code (1957, 1982 Repl. Vol.), Art. 27, § 297(a).[2] On May 6, 1982, the State filed a "Petition for Motor Vehicle Forfeiture" against Shapiro's motorcycle alleging that the vehicle "was used or intended for use to transport or to facilitate transportation, sale, receipt, possession, or concealment of controlled dangerous substances in violation of the Maryland Controlled Dangerous Substances Act, and the owner of the vehicle knew or should have known that the vehicle was being used in such a manner."

Shapiro pleaded guilty to one count of the indictment on May 26, 1982 in the Circuit Court for Montgomery County and was subsequently found guilty. On June 29, 1982, Shapiro was sentenced. On July 14, 1982, the State filed a written request for a hearing on the forfeiture petition.

---

**1.** Section 297 recently underwent revision by the General Assembly. See 1984 Md.Laws, Ch. 549. Any revisions pertinent to these appeals shall be referred to below.

**2.** Art. 27, § 297(a) provides in pertinent part:
"(a) ... The following shall be subject to forfeiture and no property right shall exist in them:
"(1) All controlled dangerous substances which have been manufactured, distributed, dispensed, acquired, or possessed in violation of the provisions of this subheading;

"(4) All conveyances including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to faciliate [sic] the transportation, sale, receipt, possession, or concealment of property described in paragraph (1) ... of this subsection...."

The hearing was scheduled by the court on August 2, 1982, and was held on January 6, 1983 in the Circuit Court for Montgomery County before Judge William C. Miller. During the hearing Shapiro moved to dismiss the forfeiture petition on the ground that the hearing was held more than 30 days after Shapiro's conviction. The provision relied on by Shapiro, Art. 27, § 297(n), provided in pertinent part:

"(n) ... Subject to the provisions permitting posting of a bond, the court shall retain custody of the motor vehicle pending prosecution of the person accused and in case such person be found guilty, the motor vehicle shall remain in the custody of the court until the hearing on the forfeiture is held. *The hearing shall be scheduled no more than 30 days after conviction of the defendant,* and reasonable notice shall be given to those parties filing an answer to the petition." (Emphasis added.) [3]

On February 7, 1983 the trial court filed a "Memorandum Opinion and Order", ordering that the petition be dismissed because "more than 30 days elapsed from the date of conviction." Judge Miller based his holding upon his perception that Art. 27, § 297(n) required that the forfeiture hearing be held within 30 days of conviction.

The State appealed to the Court of Special Appeals. That court, in an opinion by Chief Judge Gilbert, *State v. One 1980 Harley Davidson Motorcycle,* 57 Md.App. 178, 469 A.2d 487 (1984), affirmed the dismissal of the forfeiture petition and adopted Judge Miller's Memorandum Opinion. The State filed a petition for a writ of certiorari which we granted, 300 Md. 90, 475 A.2d 1201.

In the other appeal before us, Silvano Eugenio Borroto, the owner of a 1973 Ford Torino, was arrested in April, 1982 for violations of the Controlled Dangerous Substances

---

**3.** Section 297(n) was repealed by Chapter 549 of the 1984 Laws of Maryland. It has been replaced with § 297(h)(7):

"(i) When all of the registered owners or secured parties or both have answered or are in default, the case shall be assigned for trial.
(ii) The court shall set the case for trial not less than 30 nor more than 60 days thereafter."

Act. Borroto's automobile was seized by the State pursuant to Art. 27, § 297(a). On November 29, 1982, the State filed a "Petition For Motor Vehicle Forfeiture" against Borroto's automobile similar to the one filed against Shapiro's motorcycle in the first case. Borroto pleaded guilty to Distribution of a Controlled Dangerous Substance on December 16, 1982 in the Circuit Court for Montgomery County. On February 1, 1983, Borroto was sentenced.

The State filed a written request for a hearing on the forfeiture petition on January 6, 1983. On March 8, 1983 the forfeiture hearing was scheduled by the court for September 7, 1983. Prior to the hearing, however, Borroto filed a "Motion to Dismiss" alleging that "[t]he hearing on the [forfeiture] petition was scheduled ... on March 8, 1983 to be heard on September 7, 1983, both more than 30·days after the conviction of ... Borroto." Borroto grounded his motion upon Art. 27, § 297(n)'s 30-day mandate. A hearing on the "Motion to Dismiss" was heard on June 15, 1983 in the Circuit Court for Montgomery County before Judge Stanley B. Frosh. On June 21, 1983 Judge Frosh filed an "Order" dismissing the State's petition.

The State appealed to the Court of Special Appeals. That court in an unreported *per curiam* opinion, *State v. One 1973 Ford Torino,* No. 1045, September Term, 1983, filed April 19, 1984, affirmed the trial court's judgment "[f]or the reasons stated in *State v. One 1980 Harley Davidson,* 57 Md.App. 178 [469 A.2d 487] (1984)." The State filed a petition for a writ of certiorari. We granted the writ and ordered that the case be heard on the same date as *State v. One 1980 Harley Davidson Motorcycle,* No. 60.[4]

In *One 1980 Harley Davidson,* the Court of Special Appeals agreed with the trial judge that § 297(n) of Art. 27 was not complied with in that no hearing on the forfeiture petition was *held* within 30 days of Shapiro's conviction. In reaching this conclusion Judge Miller reasoned in his "Mem-

---

4. No appellee briefs were filed in either appeal.

orandum Opinion", adopted by the Court of Special Appeals in *One 1980 Harley Davidson, supra,* 57 Md.App. at 181–82, 469 A.2d at 489:

> "... [Shapiro] was convicted on June 29, 1982, and a hearing date of January 6, 1983, was scheduled. It was [so] 'scheduled' ... [by the Court] on August 2, 1982.... [In a] strained construction of Section 297(n), *supra,* [one] might count the 30 days from the date of conviction to the date that the court calendared ... [the forfeiture proceeding] for hearing. The literal and natural meaning of the provision [, however,] is clearly that it ... [means] 30 days from conviction to hearing date. This is what the statute provides...."

In One 1973 Ford Torino, the trial judge (Frosh) concluded that § 297(n) did not require the hearing on the petition to be *held* within 30 days of conviction, but *scheduling* must take place within that period; since it did not so take place, he concluded dismissal was required. The Court of Special Appeals, as noted above, affirmed, relying on its opinion in *One 1980 Harley Davidson, supra.*

It is suggested that the relevant statute, § 297(n), is ambiguous and susceptible of more than one meaning; indeed Judge Miller read it to mean that a hearing must be *held* within 30 days after conviction; Judge Frosh read it to mean that within that period after conviction, a *hearing date* is to be set. Therefore, it is argued that statutory construction is required.

■ In our view the relevant statute is clear and unambiguous. In pertinent part, the statute mandates that within 30 days of conviction a hearing is to be *scheduled.* Had the legislature intended that a hearing on the forfeiture petition was to be *held* within 30 days of conviction, it could have said so; it did not, and with good reason. Thus, in our judgment, Judge Frosh was correct so far as his conclusion on the *scheduling* vis-a-vis *hearing* issue is concerned; Judge Miller and the intermediate appellate court, in reaching an opposite conclusion, erred.

**160**

■ Our interpretation of the legislative intent is reinforced by the fact that the legislature is well aware of the congested trial dockets of the courts of this state. *See Goins v. State*, 293 Md. 97, 111, 442 A.2d 550, 557 (1982).[5] Accordingly, we hold that § 297(n) of Art. 27 requires that within 30 days of conviction a hearing date must be scheduled, but the scheduled date may be later than 30 days after conviction.

■ With respect to each of these cases, the record clearly shows that a hearing date was not selected within the 30 day period after conviction. We observe, as did the hearing judges, that each of the State's Attorneys filed timely requests for hearings on the petitions, which is all they could do; the court controls its calendar, not the State's Attorney. Consequently, the State should not ordinarily suffer the sanction of dismissal because of an error on the part of the court's administrative staff. *See State v. Hicks*, 285 Md. 310, 335, 403 A.2d 356, 369 (1979). *Cf.* Maryland Code (1974, 1984 Repl.Vol.), Cts. & Jud.Proc. Article, § 6–408, *and* Md.Rule 2–535 (Court has power to revise judgment which is based upon, *inter alia*, clerical error or mistake.)

■ Regarding the sanction of dismissal for the administrative error here, we hold that dismissal was inappropriate. While we agree with the State that dismissal is an inappropriate sanction, we also agree with the trial courts that the use of the word "shall" in this statute imposes a mandatory duty on the court system to schedule forfeiture hearings within 30 days of conviction. "Under settled principles of statutory construction, the word 'shall' is ordinarily presumed to have a mandatory meaning." *State v. Hicks*, 285

---

5. *Goins* involved control of the criminal trial docket. While a forfeiture proceeding is a civil action in rem and not a criminal proceeding, *see Prince George's County v. Blue Bird Cab*, 263 Md. 655, 659, 284 A.2d 203 (1971); *see generally* Hollmann, *Forfeitures in Narcotics Cases: The Constitution and Recent Amendments to Maryland's Forfeiture Statute*, 14 U.Balt.L.Rev. 79, 80 (1984), control of the civil docket is also within the inherent authority of the trial court. *Goins, supra,* 293 Md. at 111, 442 A.2d at 557.

Md. 310, 334, 403 A.2d 356, 369 (1979).[6]   Even with the mandatory nature of the statute, however, neither dismissal nor any other sanction is indicated by the legislature for violation of the statute.

In the recent case, *In re: Dewayne H.*, 290 Md. 401, 430 A.2d 76 (1981), we were faced with an issue similar to the one that now confronts us.   Though the issue in *Dewayne H.* appeared in another context, the case provides us with guidance.   In *Dewayne H.*, which concerned a juvenile proceeding, we determined whether dismissal was the appropriate sanction for the violation of Maryland Rule 915a. *Id.* at 402, 430 A.2d at 77.   Maryland Rule 915a provides in pertinent part that a "disposition hearing shall be held no later than thirty days after the conclusion of the adjudicatory hearing."   The disposition hearing in *Dewayne H.* was held 31 days after the adjudicatory hearing.   The juvenile excepted to the disposition, apparently due to the 30 day provision in Rule 915a.   The juvenile court judge dismissed the proceeding, recognizing that by so acting he was not doing substantial justice as was intended by the juvenile law.   *Id.*

We held that the "trial judge erred when he concluded that dismissal of the proceeding was the proper sanction for disobedience by the master."   *Id.*   We recognized that, although the language in Rule 915a is clear, "its mandatory nature does not indicate the sanction to be applied nor does the sanction necessarily inure to the benefit of the juvenile."   *Id.* at 405, 430 A.2d at 79.   Even though the 30 day provision in Rule 915a was mandatory, in light of the purpose and policy of the juvenile law, we determined that dismissal was not an appropriate sanction for violation of the provision.   We thus stated:

> "Unlike the bringing of a civil or criminal proceeding where the applicable time limits are largely in the control

---

**6.**  It should be noted that, originally, the forfeiture statute had no such 30 day provision.   That provision was enacted by Ch. 659 of the Acts of 1972.

of the party initiating the litigation, neither party here had control over the date set for the disposition hearing. We do not have before us in this proceeding the question of what, if any, sanction other than dismissal of the proceeding might be applied. There was at least a suggestion that the juvenile judge might confer with the masters pointing out the mandatory nature of the rule. Conceivably there could be yet other remedies. The State as the representative of the general public has an interest in seeing that this juvenile is rehabilitated so that he becomes a useful citizen and in no way a menace to society. In that circumstance it simply does not follow that the proper sanction for violation of the rule is dismissal of the proceeding. The reasoning we have set forth from *Hicks* is applicable here. The juvenile judge erred." *Id.* at 407, 430 A.2d 76.

*See also In re: Trevor A.,* 55 Md.App. 491, 462 A.2d 1245 (1983), *cert. dismissed,* 299 Md. 428, 474 A.2d 207 (1984).

In other cases, under Maryland law, involving similar statutes and rules, dismissal was held to be an inappropriate sanction for violation of the statutes or rules. *See, e.g., State v. Werkheiser,* 299 Md. 529, 538–39, 474 A.2d 898, 903 (1984) (statute provided that a police officer shall give a chemical test for alcohol to an unconscious individual; dismissal held to be an inappropriate sanction for the State's failure to comply because dismissal was contrary to legislative intent); *Hicks, supra,* 285 Md. at 335, 403 A.2d at 369 ("While the 30 day requirement is mandatory for those persons involved in setting the trial date, we hold that dismissal of the criminal case is not an appropriate sanction for violation of the 30 day provision"); *see also Harvey v. State,* 51 Md.App. 113, 121, 441 A.2d 1094, 1098, *cert. denied,* 293 Md. 616 (1982) (statute required that after a person is found not guilty by reason of insanity, he must be examined within 20 days and that a voluntary hearing be conducted within 30 days; dismissal deemed inappropriate for violation of the time requirements).

The question of what remedy, if any, short of dismissal would be appropriate for a violation of the 30 day provision is not before us today. *See also In re Dewayne H., supra,* 290 Md. at 407, 430 A.2d at 80.

IN STATE V. ONE HARLEY DAVIDSON MOTORCYCLE, JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED.

CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE FEBRUARY 7, 1983 ORDER OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND TO REMAND THE CASE TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

IN STATE V. ONE 1973 FORD TORINO, JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED.

CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUNE 21, 1983 ORDER OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND TO REMAND THE CASE TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.

COSTS TO BE PAID BY APPELLEES.