767 A.2d 926

**HOWARD COUNTY, Maryland,**

v.

**Joseph Albert CONNOLLEY, et al.**

**No. 74, Sept. Term, 2000.**

Court of Special Appeals of Maryland.

March 2, 2001.

100 

 

F. Todd Taylor, Jr., Senior Assistant County Solicitor (Barbara M. Cook, Howard County Solicitor, on the brief), Ellicott City, for appellant.

Timothy J. McCrone (Keehner, Hogg & McCrone, LLC, on the brief), Ellicott City, for appellees.

Argued before SALMON, KENNEY and RAYMOND G. THIEME (Ret'd, specially assigned), JJ.

KENNEY, Judge.

The Circuit Court for Howard County dismissed Howard County's Complaint to Acquire a Motor Vehicle initiated pursuant to Maryland Code Ann. (1996 Repl.Vol.1999 Supp.), § 297(h)(6)(i) of Article 27. The County, appellant, presents the following issue on appeal:

> Did the trial court err when it dismissed the Complaint because the trial was not held within the 60 day period in Article 27, Section 297(h)(6)(i)?

Appellee, Joseph Connolley, filed a cross-appeal and presents three issues, which we have re-numbered as follows:

I. Did the trial court err in holding that the police are not required to obtain a warrant before seizing a truck from the owner's locked garage, where there was no exigency and seizure was not incident to arrest?

II. Whether Article 27, Section 297(d) violates the Fourth Amendment by allowing the police to seize vehicles from private property, where no exigency exists, without a warrant?

III. Did the trial court err in holding that probable cause existed to believe that appellee/cross appellant's truck had been used in violation of Article 27 Section 297?

## FACTUAL AND PROCEDURAL BACKGROUND

On January 21, 1999, a Howard County grand jury, based on an ongoing investigation that included surveillance and the interception of several telephone calls, returned two indictments against Connolley alleging that he conspired to distribute and possess cocaine on October 10 and October 15, 1998. Bench warrants were issued on April 7, 1999, for Connolley's arrest and executed on April 26, 1999, at Connolley's home. At the time of execution, Detective Ferra directed Connolley to unlock a detached garage where his 1998 GMC truck was parked. Connolley did so, and the truck was seized by the officer. Detective Ferra provided Connolley with a Notice of Conveyance Seizure document, which he signed. No drugs were found on Connolley, in his residence, or in the truck.

On May 27, 1999, the County filed a Complaint to Acquire a Motor Vehicle, pursuant to Art. 27, § 297, alleging that the vehicle was "subject to forfeiture because it was used to facilitate the transportation, sale, possession, or concealment of controlled dangerous substances." Enclosed with the Complaint was a letter to the clerk of the court requesting that a summons be issued and served within ten days. The letter also noted: "Please be advised that, pursuant to Annotated Code of Maryland, Art. 27, subsection 297(h)(6)(i), a hearing must be set within sixty (60) days from the filing of an answer, or the publication of the notice, whichever is later." Copies of the Complaint and letter were mailed to Connolley on June 1, 1999, and received on June 2, 1999. Notice of the Forfeiture was posted on the courthouse door by the sheriff from May 27, 1999, to June 27, 1999, as required by Art. 27 § 297(h)(4)(i).

On June 10, 1999, Connolley filed a Motion to Dismiss, arguing that the County had "well over Five (5) months to obtain a court order authorizing seizure of the subject vehicle and failed to obtain an order" from a court having jurisdiction over the vehicle. The County responded, asserting that the forfeiture statute "permits the seizure of a motor vehicle without a seizure warrant if the seizure occurs pursuant to an arrest warrant, or there is probable cause to believe that the property was used in violation of the narcotics law." A hearing on the motion to dismiss was held on September 3, 1999. After evidence was taken,[1] the trial court denied Connolley's motion to dismiss, stating, in pertinent part:

What I'm saying is that based on the information that Corporal Ferra received from another member of his police force, plus the—the Notice of Forfeiture, plus the Indict-

---

1. Corporal Ferra, the officer who executed the arrest warrant and seized the vehicle, was the only witness to testify at the September 3, 1999 hearing. He explained that, pursuant to a signed wiretap order, the police intercepted certain telephone calls wherein Connolley arranged to meet co-conspirator Patrick Burke. Connolley was also observed by a surveillance team on two occasions, October 10 and 15, 1998, operating his GMC truck in the company of another individual, while exchanging controlled dangerous substances.

ment and the other investigations that the police had done, there was sufficient probable cause to issue that Notice of Seizure.

* * *

Probable cause was the conversations, the ongoing investigation as well as the Indictments.

On September 7, 1999, Connolley filed an answer to the Complaint, which did not contain a request for a hearing. On October 7, 1999, Connolley filed a separate pleading requesting a hearing on the matter. On October 8, 1999, the clerk of the court set January 20, 2000, as the hearing date. On October 14, 1999, Connolley filed a motion to recuse Judge Gelfman because she signed the wiretap order in Connolley's criminal investigation, the validity of which was disputed. The motion was granted and the case was assigned to another judge, thereby postponing the hearing date until February 17, 2000.

At the February 17, 2000 hearing, Connolley moved to dismiss the complaint based on the court's failure to set timely a hearing. The trial court granted the motion, finding:

We're on all fours, so anybody looking at this record will know exactly what, what the issues are. Well I would suggest the next time the legislature revises this statute that they might want to use the word similar to what it used in Art. 27, section 591, which reflects that the trial may not be held later then. I think that would make it even clearer to somebody like me. But, but I think the legislature in amending the section to provide that the hearing shall, changing the language in essence said that the hearing shall be scheduled and then going forward and saying that the hearing should take place within sixty days. That's the way I read it. And I think the sanction, I would agree, you know, what sanctions we, well, you know, what if any sanction the Court could impose, you know, I would agree that the State in a criminal case the, the condemning authority in a, or seizing authority in a forfeiture case isn't necessarily responsible for scheduling cases. It seems to

me by analogy even in a criminal case the State doesn't schedule cases but we impose sanctions upon the State for the failure of the case to take place under Hicks. I, I believe that the, in this case, the legislature was directing that the hearing take place within sixty days from the triggering events and that they didn't do so. It would be, just so the record is clear again, if a hearing didn't take place within sixty days it would be the position of the Defendant that the Court should impose some sanction?

\* \* \*

All right, I, I believe the legislature, although not directly providing a sanction for failure to conduct a hearing within sixty days, although not specifically providing for some sanction the Court could impose, I'm persuaded by the *Vera*[2] [sic] case that an appropriate sanction is for sake of argument as a matter of law dismissal. And to the extent this Court has discretion to determine the sanction in the case I would find that the vehicle that was seized in April of '99 and a hearing wasn't at least scheduled until January of this year, that to the extent this Court has discretion in determining the sanction to impose, I believe the appropriate sanction is to dismiss the proceeding. So I will for those reasons grant the Defendant's motion to dismiss.

### DISCUSSION

The County asserts that the trial court erred when it dismissed the complaint. It argues that Art. 27, § 297(h)(6)(i) does not require that the forfeiture hearing be held within the sixty day period.[3] We agree.

---

**2.** *Prince George's County v. Vieira,* 340 Md. 651, 667 A.2d 898 (1995). In *Vieira,* the Court of Appeals held that, pursuant to Art. 27 § 297(d)(2), when petitioning for the forfeiture of currency, an executed show case order, rather than a proposed one, must accompany the complaint for forfeiture. Failure to do so warranted dismissal.

**3.** In 1972, § 297(n) was added to the forfeiture laws to "provide certain guidelines and procedures for the seizure and forfeiture of motor vehicles." It provided:

Article 27, § 297 provides for forfeitures and seizures generally. It provides, in pertinent part:

(h) *Procedure; notice. . . .*

\* \* \*

(6)(i) The court shall set a hearing on the forfeiture claim within 60 days after the later of the posting or final publication of the notice under paragraph (4) of this subsection if an answer has been timely filed.

(ii) The court may order forfeiture without a hearing of the property interest of any person who fails to timely file an answer.

■■■ Section 297, by design, is a harsh law. "The purpose of the statutory scheme is to impede the drug trade by depriving drug dealers of the instrumentalities that facilitate the sale and use of illegal drugs." *Boyd v. Hickman*, 114 Md.App. 108, 118, 689 A.2d 106, *cert. denied*, 346 Md. 26, 694 A.2d 949 (1997). As part of the controlled dangerous substances law, the General Assembly has directed that the "provisions of this subheading shall be liberally interpreted and construed so as to effectuate its general purpose. . . ." Art. 27 § 276. The Court of Appeals has recently held, however, that despite that legislative directive, forfeiture stat-

---

(n) . . . Subject to the provisions permitting posting of a bond, the court shall retain custody of the motor vehicle pending prosecution of the person accused and in case such person be found guilty, the motor vehicle shall remain in the custody of the court until the hearing on the forfeiture is held. *The hearing shall be scheduled no more than 30 days after conviction of the defendant,* and reasonable notice shall be given to those parties filing an answer to the petition. [Emphasis added.]
1972 Laws of Maryland, ch. 659 (Introduction to Senate Bill 7).
Section 297(n) was repealed by Chapter 549 of the 1984 Laws of Maryland, and replaced with the following language:
(h)(7)(i) When all of the registered owners or secured parties or both have answered or are in default, the case shall be assigned for trial.
(ii) The court shall set the case for trial not less than 30 nor more than 60 days thereafter.
In 1998, the provision was again changed to its current form, in efforts to "requir[e] that an answer to a forfeiture complaint contain a request for a prompt hearing." 1998 Laws of Maryland, ch. 497, House Bill 666.

utes are not favored in the law and, thus, should be interpreted under a "strict constructionist theory." *Prince George's County v. Vieira,* 340 Md. 651, 667 A.2d 898 (1995). The Court concluded that "although the petitioner's assertion that this statute is to be liberally interpreted and construed is correct, the forfeiting authority is still required to follow the procedures proscribed by the statute, and these procedures should be strictly imposed to provide post-seizure due process protection to the defendant." *Vieira,* 340 Md. at 659, 667 A.2d 898.

In *State v. One 1980 Harley Davidson Motorcycle,* 303 Md. 154, 492 A.2d 896 (1985), the Court of Appeals held that both the trial court and this Court erred in interpreting the statute to mean that a hearing must be "held" within the proscribed time period. The statutory language under review in *Harley Davidson* reads as follows: "The hearing shall be scheduled no more than 30 days after conviction of the defendant." The Court of Appeals interpreted the statutory provision to mean that a forfeiture hearing must be scheduled within thirty days of conviction, but that the scheduled date could be later than thirty days after conviction. The Court of Appeals found no ambiguity with the term "scheduled," stating: "Had the Legislature intended that a hearing on the forfeiture petition was to be held within 30 days of conviction, it could have said so; it did not, and with good reason." *Harley Davidson,* 303 Md. at 159, 492 A.2d 896. The "good reason" included a "congested trial docket" and the fact that the courts, and not the state's attorneys, or, as in this case, the County attorneys, control the courts' calender.

When *Harley Davidson* was decided, the 1984 amendment had changed the language from "the hearing shall be scheduled" to "[t]he court shall set the case for trial not less than thirty nor more than sixty days thereafter." Since the 1984 amendment and the decision in *Harley Davidson,* with which the General Assembly is presumably aware, the statute has undergone further amendments. We note, however, that the legislature still has not employed language that expressly

requires that the forfeiture hearing be "held" within a prescribed time period as suggested by the Court of Appeals. *Harley Davidson,* 303 Md. at 159, 492 A.2d 896. Reading the subsequent statutory amendments in light of *Harley Davidson,* we are satisfied that the substitution of the word "set" for "scheduled" does not require that the forfeiture hearing be held within the sixty day time frame, but rather, that it be scheduled within the prescribed period.[4] That is consistent with the use of the word "set" generally, "to fix definitely; establish," *Webster's Desk Reference Dictionary* 413 (1996 Ed.) and with the term "set down," "To schedule (a case) for trial or hearing, usu[ally] by making a docket entry." *Blacks Law Dictionary,* 1376 (7th Ed.).

As now written, § 297(h)(6)(i) does not require that a hearing be set until a timely answer is filed. The answer in this case was filed on September 7, 1999.[5] Strictly construed, the statute would require that the hearing be "set" 60 days after the later of the posting or final publication of the notice, which in this case was June 27, 1999. Sixty days from that date was

---

4. We note the General Assembly's use of the term "set" within the context of Art. 27, § 591, also referred to as the Hicks rule, which provides:

> (a) Setting the date.—The date for trial of a criminal matter in a circuit court:
> (1) Shall be *set* within 30 days after the earlier of:
> (i) The appearance of counsel; or
> (ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rule; and
> (2) May not be later than 180 days after the earlier of those events. [Emphasis added.]

Maryland Rule 4–271(1) also emphasizes this legislative directive, providing: "The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events." [Emphasis added.]

5. It has not been argued that Connolley's answer was untimely or that filing an initial motion to dismiss was improper. Section 297(h)(5) provides that the answer should comply with the Maryland Rules. Maryland Rule 2–322 permits the filing of a motion to dismiss prior to filing an answer and extends the time period for filing an answer. See Rule 2–321(c).

August 26, 1999, a date twelve days earlier than the filing of the answer. Under the circumstances of this case, strict construction of the statute would appear impossible. The answer did not request a hearing, but a hearing was requested on October 7, 1999. One day later, the clerk set a hearing date of January 20, 2000.

Even if we were to hold that the clerk of the court was to set the hearing for a date within sixty days of the answer as requested by the County Attorney, we would not find that dismissal of the Complaint was the appropriate sanction for failure to do so. As the Court of Appeals stated in *Harley Davidson,* "We observe, as did the hearing judges, that each of the State's Attorneys filed timely requests for hearings on the petitions, which is all they could do; the court controls its calender, not the State's Attorney. Consequently, the State should not ordinarily suffer the sanction of dismissal because of an error on the part of the court's administrative staff." *Harley Davidson,* 303 Md. at 160, 492 A.2d 896. The Court in *Harley Davidson* found that dismissal was an improper sanction for failure to timely schedule the hearing. In this case, the County attorney alerted the clerk's office to the statutory provisions and the need to "set" the hearing in accordance with the applicable law. The hearing was scheduled within 28 days of filing the answer and one day after Connolley requested a hearing. The hearing was scheduled for January 20, 2000, approximately 113 days later.

The Maryland forfeiture law has long been upheld on due process and Fourth Amendment grounds. *See Mid-Atlantic Accessories Trade Association v. Maryland,* 500 F.Supp. 834, 848 (D.Md.1980); *Boyd v. Hickman,* 114 Md.App. 108, 126, 689 A.2d 106, *cert. denied,* 346 Md. 26, 694 A.2d 949 (1997); *Gatewood v. State,* 268 Md. 349, 301 A.2d 498 (1973). The purpose of § 297(h) is to provide due process to someone whose property is subject to forfeiture and " 'to provide, after due notice has been given to the owner, a forum in which it can be established whether the vehicle seized was used to facilitate the transportation, sale and possession of controlled

dangerous substances....' " *Boyd,* 114 Md.App. at 125, 689 A.2d 106 *(quoting State v. One 1979 Pontiac Firebird,* 55 Md.App. 394, 399, 462 A.2d 73 (1983)). Here, it is difficult to see where Connolley was not afforded due process, as a hearing was set within one day of his request for a hearing. The County filed its complaint with notice to the clerk of the court of the time constraints; it mailed Connolley notice of the complaint, and also executed a summons; and notice of the complaint was posted on the courthouse door for a period of one month. All this was done in accordance with the requirements of the statute. The County responded to Connolley's initial motion to dismiss and participated at the hearing; it responded to Connolley's motion to recuse the trial judge; and it participated in the second hearing of February 17, 2000, at which it defended against Connolley's second motion to dismiss. Any deprivation of Connolley's due process right to a timely resolution of the forfeiture complaint based on his right to a hearing on the matter was not the fault of the County, but related directly to Connolley's various motions and the alleged administrative error on the part of the clerk of the court.

## Cross Appeal

### I. & II. Fourth Amendment Warrant Requirement

■ The forfeiture statute provides, in part: "The following shall be subject to forfeiture and no property right shall exist in them: ... (4) All conveyances including aircraft, vehicles or vessels, which are used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled dangerous substances]." Art. 27 § 297(b)(4). "Any property subject to forfeiture under this subheading may be seized upon process issued by any court having jurisdiction over the property except that seizure without such process may be made when: ... there is probable cause to believe that the property has been used or intended to be used in violation of this subheading." Art. 27 § 297(d)(1)(iv).

Connolley, citing *Florida v. White,* 526 U.S. 559, 119 S.Ct. 1555, 143 L.Ed.2d 748 (1999), argues that the seizure of the vehicle, without a warrant, violated the Fourth Amendment protection against unreasonable searches and seizures. Connolley's reliance on *Florida v. White* is misplaced. In that case, officers observed White use his car to deliver cocaine several times within a specific time frame. White was later arrested on unrelated drug charges, and his vehicle was seized from a public parking lot in accordance with local forfeiture laws. In the subsequent search of the vehicle, the officers discovered quantities of cocaine. At his criminal trial for the cocaine discovered during this search, White sought to suppress evidence of the drugs seized from the vehicle, arguing that the warrantless seizure of the vehicle violated his constitutional rights. The Supreme Court upheld the introduction of the cocaine at trial, noting that under the *Carroll* doctrine, which recognizes the need to seize readily moveable contraband before it is "spirited away," that there is no warrant requirement for the seizure of an automobile when there is probable cause to believe that the car itself is contraband. Although the Court added that there is a lesser degree of intrusion associated with searches and seizures of property located in public places, we find no merit in Connolley's assertion that *Florida v. White* "stands for the proposition that the Fourth Amendment requires the police to obtain a warrant before seizing an automobile from a private place when they have probable cause to believe the vehicle itself is forfeitable contraband."

### III. Probable Cause

Connolley argues that the trial court erred in finding that there was probable cause to believe that the vehicle was used to transport controlled dangerous substances. He states that the "evidence adduced at the September 3, 1999 hearing was extremely sparse regarding probable cause."

First, we will discuss the timing of Connolley's argument. On June 14, 1999, he filed a motion to dismiss, asserting the following:

4. That Howard County Police directed the Defendant to take them to his detached garage, unlock and open said garage, and seized the subject 1998 GMC truck without process having been issued by any court having jurisdiction. Said seizure was illegal and contrary to the requirements of Article 27, Section 297(d).

5. The Howard County Police had well over five (5) months to obtain a court order authorizing seizure of the subject vehicle and failed to obtain an order.

6. The subject 1998 GMC truck having been seized without first obtaining a court order from a court having jurisdiction over the vehicle, the instant Complaint to Acquire a Motor Vehicle should be dismissed, pursuant to Maryland Rule 2–322, for insufficiency of process.

At the hearing on September 3, 1999, the court and counsel summarized the issue as follows:

Court: Counsel this is, as I understand it, a forfeiture hearing. Is that correct? And the Defense is contesting the forfeiture of an automobile that was in a garage?

County: Not quite.

Court: Not quite?

County: We're not quite there yet.

Court: Okay.

County: [Connolley] has filed a motion challenging the illegality of the Department's seizure of that vehicle during the arrest of the client alleging that the seizure was unconstitutional. So do we have the right to seize it in the first place.

Court: As I understand it, Mr. Connolley was arrested for C.D.S. and subsequently it was noted that a car was in a garage and seizure, according to [Connolley], was illegal because there had been no Seizure Order, and in fact Howard County had taken more than five months to—to gain the Court Order.

Plaintiff's position, or the County's position, is that a Seizure Order wasn't necessary because the seizure oc-

curred during the drug arrest pursuant to the arrest. Is that correct?

County: Yes, Your Honor, after the arrest, pursuant to statute. That is correct.

Court: And you felt that there was probable cause to find that the car was appropriately under the statute contraband under 297. Is that right?

\* \* \*

County: Yes, [297(d)(1) ] little (i) and little (iv).[6]

[Counsel for Connolley]: Your Honor, if I may, just very briefly. I think that you've articulated fairly clearly what the position is. This is a preliminary motion to dismiss under Rule [ ] 2–322, a mandatory preliminary motion, Your Honor. . . .

\* \* \*

—I'm sorry, 27, Section 297, subsection D provides that any property subject to forfeiture under the subheading may be seized upon process, issued by any court having jurisdiction over the property, except seizure without process may be made when-and there are a series of exceptions to the general requirement that seizure requires a Court Order. Those exceptions, most of them, I don't believe are even argued to apply, but that's what we're here about today, Your Honor.

If I may, I'd like to call Detective Corporal, I believe it is, Ferra, to the witness stand.

As summarized by the trial court, the County contended that the seizure of the vehicle was proper, without process, as there was probable cause to believe that the vehicle was contraband under the statute. In addition, the County main-

---

**6.** It appears from this discussion that the County was asserting a right to seize the vehicle without process, pursuant to both § 297(d)(1)(i), seizure incident to an arrest, and § 297(d)(1)(iv), probable cause to believe the vehicle was used to transport or facilitate drug trafficking. The trial court found that the seizure was proper pursuant to § 297(d)(1)(iv), as it was based on probable cause.

tained that the seizure could be made "pursuant to the arrest." Connolley sought to challenge the issue of probable cause and subpoenaed Detective Ferra to testify at the hearing. This, however, was an inappropriate inquiry during the hearing on a motion to dismiss.

In ruling on a motion to dismiss, a trial court must assume the truth of all well pleaded facts and all inferences that can reasonably be drawn from them. *Simms v. Constantine*, 113 Md.App. 291, 295, 688 A.2d 1 (1997). "We then decide whether the well-pleaded allegations of fact in the complaint reveal any set of facts that would entitle the plaintiff to relief. If so, the motion to dismiss was improperly granted." *Edwards v. First Nat. Bank of North East*, 122 Md.App. 96, 103, 712 A.2d 33 (1998). The motion to dismiss should be evaluated based on the pleadings alone. When matters outside of the pleadings are presented, the motion should be treated as one for summary judgment, and "all parties shall be given reasonable opportunity to present all material made pertinent . . ." Md. Rule 2–322.

Here, the County's complaint set forth the facts sufficient to satisfy the requirements of Art. 27 § 297(d)(1)(iv). Section 297(d)(1)(iv) provides that seizure may occur, without process, if "there is probable cause to believe that the property has been used or intended to be used in violation of this subheading." The Complaint to Acquire a Motor Vehicle adequately alleged probable cause to support the vehicle's forfeiture. It provided, in part:

4. The seized vehicle is subject to forfeiture because it was used to facilitate the transportation, sale, receipt, possession or concealment of controlled dangerous substances, namely, cocaine, or was purchased from proceeds of the illegal distribution of that substance.

\* \* \*

6. As a result of a covert investigation, the Vice and Narcotics Division of the Howard County Police Department learned of a proposed drug transaction by Connolley on two separate occasions. Connolley was observed

by surveillance team members to drive his 1998 GMC truck to the location of the transaction, where he purchased illegal drugs. After he bought the drugs, he left the scene in his 1998 GMC truck.

Viewing the pleadings in a light most favorable to the nonmoving party, the counts alleged sufficient facts to establish probable cause to seize the vehicle and to defeat Connolley's motion to dismiss. Introduction of Detective Ferra's testimony and the trial court's inquiry into the probable cause was inappropriate at the September 3, 1999, hearing on the motion to dismiss. As a result, the proceeding effectively became one of summary judgment, and the County was entitled to a reasonable opportunity to present evidence to establish probable cause, which it was not prepared to do. Upon Connolley's filing an answer challenging the County's allegations and a request for a hearing, he was entitled to a substantive hearing at which the County would have the burden of establishing its entitlement under the statute.[7]

Connolley is in no way precluded from raising the issue of probable cause at a later date. It is sufficient to state that the hearing on the motion to dismiss, when the Complaint fairly and adequately alleged facts supporting probable cause for seizure of the vehicle, did not provide the County with a reasonable opportunity to present evidence supporting those factual allegations.

**JUDGMENT VACATED. COSTS TO BE PAID BY APPELLEE.**

---

7. We note, but do not decide, that reliance on the indictments themselves and the testimony of the seizing officer to establish probable cause to seize the vehicle in this case appears problematic.